WHITE, Judge.
This is an appeal from a summary final judgment rendered against the appellant as defendant in an action on a promissory note. The appellant contends that the trial court erroneously denied his request for a jury trial and his motion for a continuance.
The appellee bank, as plaintiff in the trial court, sought judgment for the $7,000 principal of the note in question with interest and attorney’s fees. The complaint sufficiently alleged a cause of action and a perfunctory motion to dismiss was denied.
The cause was set for hearing on June 7, 1960 at which time the defendant appeared and requested a continuance on the ground that additional time was needed for him to find an attorney, his original attorney having withdrawn from the case. The court granted a continuance until June 16, 1960 when the cause came on for hearing on all pending motions and the plaintiff’s motion for summary judgment.
At the hearing on June 16, 1960 the defendant appeared and moved the court for a further continuance on the ground that an intervening illness had prevented him from obtaining an attorney. He also moved for a jury trial. Both motions were denied. In this connection the record on appeal discloses the following discourse:
*777 “The Court: Motion for continuance is denied. This cause was continued over from June 7, 1960 to this date, June 16, 1960, at the request of Mr. Lightsee. The continuance was granted on the ground that his attorney he had employed had withdrawn, and he needed additional time to secure counsel. The Court is of the opinion that the defendant has had ample time in which to secure counsel to represent him. Also it denies the motion for trial by jury, inasmuch as the hearing today is on the plaintiff’s motion for summary judgment and no opposing affidavits or motions have been filed thereto. * * *
“Mr. Lightsee: I then would wish to state I have served to the attorney for the plaintiff demanding a jury trial, and due to the fact that I was in bed, I asked the Judge over telephone that I will have jury trial a day in advance.
“The Court: Mr. Lightsee, I believe you stated to me at the last hearing there is no question but you owe the money to the Bank, but you take issue with the amount of attorney’s fees. (Emphasis supplied.)
“Mr. Lightsee: Yes, Your Honor please, I would like to state at this time that I will deny and reject the entire charges of the plaintiff-, also of the estoppel in respect fees of the plaintiff’s attorney, Mr. William Gleason. We deny the entire charges of the plaintiff and demand a jury trial. (Emphasis supplied.)
“The Court: Anything else you want to say, Mr. Lightsee, before I enter this summary judgment, because I feel that the plaintiff has made out a case which entitles it to a judgment in this cause for the sum of $7,000, plus interest and attorney’s fees. Now, anything else you want to add to the record, we can before I render judgment.
“Mr. Lightsee: About a half hour ago, before this hearing, I went to an attorney by the name Snow to come and represent me here; and he said that he cannot do it right away, and if I need postponement, Judge Abridge will give it to me, if I need it.
“The Court: Mr. Lightsee, I am entering judgment against you on this note. The judgment will be for Seven Thousand Dollars ($7,000.00), plus interest of $88.53, and court costs in the sum of $97.50. The affidavits of practicing attorneys before me indicating a reasonable fee: one affidavit shows $750.00, the other shows $850.00. Mr. Lightsee, do you have any affidavit as to the reasonableness of the attorney’s fee ?
“Mr. Lightsee: I only can say the reasonable fee — I don’t have an attorney to represent me. I could not have the affidavits, but for filing a legal action before the Clerk of the Court. The reasonable fee, according to explanation of any lawyers that I can have in the future to be $50.00; but, since I deny all the charges of the plaintiff, I cannot set a fee, but willing to pay a reasonable fee when the time comes.
“The Court: According to the minimum fee schedule, adopted by the Bar, a reasonable attorney’s fee, as a minimum, would be $100.00 for filing the suit, $10.00 on the first $5,000, and five per cent (5%) of the remainder which on a $7,000.00 note would amount to $640.00; and the Court, based on the evidence before it is entering judgment on said note as attorneys fees the sum of $640.00.”
The foregoing colloquy between the defendant and the trial court reveals that the defendant admitted on the day of judgment that he, the defendant, had previously stated to the court that he owed the bank but objected to the attorney’s fee. He at *778 no time offered anything specific by way of defense other than to assert that the indicated attorney’s fee was excessive.
There is little doubt that the defendant’s appeal to this court was prompted by the shock of learning that his delinquency on the note had resulted in extra expense by way of attorney’s fees which he considered exorbitant. Assuming that this question were properly before us for review, the fee adjudged by the court was not unusual or unreasonable by approved standards.
The defendant’s able counsel on appeal suggests that the plaintiff bank acted improperly by hasty action on the note, the suggestion being that there had been other dealings between the parties and that the bank in some way had in its custody or knew of resources of the defendant which could have been used in satisfaction of the subject note. This is argument on speculative matter outside the record before us.
We are not authorized to pass upon issues other than those properly presented on appeal, nor can we sit in judgment on the business ethics and practices of the plaintiff bank. If the defendant has legal grounds for independent action against the plaintiff with respect to other dealings between the parties, the trial courts are open to consider and determine them. It is not an appellate function to decide extraneous matters on the mere suggestion that they may be collaterally related to the case under review.
Although there was some irregularity in the trial proceedings, the essentials of due process were observed. No general issue of material fact was presented. There was no right to trial by jury on the motion for summary judgment and we see no abuse of discretion in the trial court’s denial of an additional continuance. There appears nothing in the record justifying a reversal of the judgment appealed. See Tones v. Stoutenburgh, Fla.1957, 91 So.2d 299; 7 Fla.Jur., Continuances, Section 18.
. „ Affirmed.
ALLEN, Acting C. J., and SMITH, J., concur.