174 So.2d 429 (1965)
Henry C. WARREN, Appellant,
v.
STATE of Florida, Appellee.
No. F-423.
District Court of Appeal of Florida. First District.
April 20, 1965.
Rehearing Denied May 14, 1965.
Philip D. Beall, Pensacola, for appellant.
Earl Faircloth, Atty. Gen., and George R. Georgieff, Asst. Atty. Gen., for appellee.
PER CURIAM.
Appellant was charged by information filed in the Court of Record of Escambia County with receiving or aiding in the concealment of stolen property, knowing the same to have been stolen. Following conviction by the jury the trial judge withheld the adjudication of guilt and placed appellant on probation for a period of five years. It is from the order of probation that this appeal is taken in which appellant raises only two points for our consideration, to wit: (1) the sufficiency of the evidence to support the verdict of guilty rendered by the jury; (2) whether the trial court erroneously abused its discretion in refusing to grant appellant's original and amended motion for new trial, the latter of which was predicated upon newly discovered evidence.
Before proceeding to a consideration of the merits of the appeal presented by the points mentioned above, we deem it necessary to first determine whether the order appealed is one of which this Court has jurisdiction to review by appeal.
*430 The order appealed was entered pursuant to F.S. Section 948.01, F.S.A., which provides as follows:
"(1) Any court of the state having original jurisdiction of criminal actions, where the defendant in a criminal case has been found guilty by the verdict of a jury or has entered a plea of guilty or a plea of nolo contendere or has been found guilty by the court trying the case without a jury, except for an offense punishable by death, may at a time to be determined by the court, either with or without an adjudication of the guilt of the defendant, hear and determine the question of the probation of such defendant. * * *
* * * * * *
"(3) If it appears to the court upon a hearing of the matter that the defendant is not likely again to engage in a criminal course of conduct and that the ends of justice and the welfare of society do not require that the defendant shall presently suffer the penalty imposed by law, the court, in its discretion, may either adjudge the defendant to be guilty or stay and withhold the adjudication of guilt and in either case stay and withhold the imposition of sentence upon such defendant, and shall place him upon probation under the supervision and control of the parole commission for the duration of such probation. And the said commission shall thereupon and thereafter, during the continuance of such probation, have the supervision and control of the defendant. * * *"
F.S. Section 924.06, F.S.A., dealing with appeals in criminal cases, provides:
"An appeal may be taken by the defendant only from:
"(1) A final judgment of conviction when probation has not been granted under chapter 948.
"(2) An order granting probation under chapter 948, such appeal to be in the same manner and with the same scope and same effect as if judgment of conviction had been entered and appealed from.
"(3) An order revoking probation under chapter 948; in case of such an appeal, only the proceedings after the order of probation may be considered or reviewed.
"(4) A sentence, on the ground that it is excessive or illegal. * * *"
The fact that this appeal is clearly authorized by the provisions of the foregoing statutes is not determinative of the question with which we are concerned. This Court is one of limited jurisdiction. It possesses only such jurisdiction as is conferred upon it by the Constitution of the State, which jurisdiction may be neither diminished nor enlarged by an act of the legislature. Any statute purporting to either add to or diminish the jurisdiction of this Court would be null and void.
The Constitution of Florida specifies that district courts of appeal shall have jurisdiction to review by appeal only final judgments or decrees rendered by trial courts and final orders or decrees of county judge's courts pertaining to probate matters or to the estates and interests of minors and incompetents.[1] The Constitution further provides, however, that the Supreme Court may provide for review by district courts of appeal of interlocutory orders or decrees in matters reviewable by those courts.[2]
In the case now reviewed there has been no final judgment of guilt rendered against appellant by the trial court, so it necessarily follows that the order appealed must be classified as interlocutory in character. Before this Court may exercise jurisdiction in this case, we must find in the rules of procedure promulgated by the Supreme *431 Court pursuant to the above-mentioned section of the State Constitution a rule authorizing review by interlocutory appeal of the order herein questioned.
Part VI of the Florida Appellate Rules relates to criminal appeals. The applicability section of Part VI provides that appeals in criminal cases to the district courts of appeal shall be prosecuted in accordance with Part VI thereof and, except as therein stated, with such provisions of other parts of the appellate rules as are not inconsistent with the provisions of Part VI.[3] We find no provision in Part VI of the appellate rules relating to criminal appeals which authorizes review of interlocutory orders entered in criminal cases. This being so, we then look to the other provisions of the appellate rules for the purpose of determining whether such provisions contain any rules authorizing review of interlocutory orders entered by trial courts.
Rule 4.2(a) of the Florida Appellate Rules authorizes appellate review of interlocutory orders, but restricts interlocutory appeals in actions at law to orders relating to venue and jurisdiction over the person of defendant, and orders entered after final judgment.[4] Obviously, the order of which review is sought in the case sub judice does not fall within the category of orders for which review by interlocutory appeal is authorized under Rule 4.2(a), F.A.R.
Rule 1.4 of Florida Appellate Rules provides that all of such rules relating to both civil and criminal appeals shall become effective on September 30, 1962, after which the rules will supersede all conflicting rules and statutes, and all statutes not superseded by or in conflict with the rules shall remain in effect as rules promulgated by the Supreme Court.[5] The statutes above quoted which authorize appeals to be taken from orders placing convicted defendants on probation, with or without an adjudication of guilt, are not in conflict with any of the appellate rules adopted by the Supreme Court. This being so, then under Rule 1.4, F.A.R., above mentioned, the statute by reference becomes a rule of court to the same effect as if it had been separately promulgated by the Supreme Court. On this basis we conclude that this Court has jurisdiction to review the order appealed.
Having determined the jurisdictional question, we now proceed to a consideration of the merits. Although the evidence contained in the record on appeal is not overwhelming, it is sufficient to support the conclusion obviously reached by the jury that the property in question was stolen, and known by the defendant to have been *432 stolen when he received it from the confessed thief, or that the facts known to the defendant were such as would put a man of ordinary intelligence and caution on inquiry as to its stolen character. We are unable to say with certainty that the trial court's rejection of the grounds, and the evidence proffered in support thereof, of appellant's amended motion for new trial constituted a clear abuse of discretion. The order appealed is accordingly affirmed.
STURGIS, C.J., WIGGINTON, J., and MURPHREE, JOHN A.H., Associate Judge, concur.
NOTES
[1] Florida Constitution, Article V, Section 5(3), F.S.A.
[2] Supra note 1.
[3] Rule 6.1, F.A.R., 31 F.S.A.
[4] Rule 4.2, F.A.R.  Interlocutory Appeals.

"a. Application. Appeals to district courts from interlocutory orders at law relating to venue or jurisdiction over the person, appeals to the appropriate court from interlocutory orders or decrees in equity and orders, judgments or decrees entered in law or equity after final judgment or decree, except those relating to motions for new trial or reconsideration, may be prosecuted in accordance with this rule; provided that nothing in this rule shall preclude the review of an interlocutory order or decree in law or equity on appeal from the final judgment or decree as otherwise authorized by these rules; and provided, however, this rule shall not be construed as limiting or affecting the power of the district courts of appeal or the circuit courts in reviewing any appropriate interlocutory order by common law certiorari."
[5] Rule 1.4, F.A.R.  Effective Date: Repeal.

"These rules shall become effective midnight, September 30, 1962. Proceedings commenced prior thereto shall be governed by the rules theretofore in effect. From their effective date as to proceedings commenced after September 30, 1962, these rules shall supersede all conflicting rules and statutes. All statutes not superseded hereby or in conflict herewith shall remain in effect as rules promulgated by the Supreme Court."