283 So.2d 68 (1973)
Michael Scott CLEMENT, a Minor, by and through His Mother and Next Friend, Eileen A. Clement, and Eileen A. Clement, Individually, Appellants,
v.
AZTEC SALES, INC., et al., Appellees.
No. 73-227.
District Court of Appeal of Florida, Fourth District.
June 6, 1973.
Rehearing Denied July 31, 1973.
*69 Robert Orseck of Podhurst, Orseck & Parks, and Preddy, Haddad, Kutner & Hardy, Miami, for appellants.
Frank E. Maloney, Jr., of Fleming, O'Bryan & Fleming, Fort Lauderdale, for appellee-American National Bank Building.
Douglas M. Carlton, Fort Lauderdale, for appellees-Aztec Sales, Inc., and Maccari Building and Construction Corp.
WALDEN, Judge.

ON MOTION TO DISMISS
We are squarely faced with an assault upon the validity of F.S. 59.04, F.S.A., Laws of 1971, which provides:
"59.04 Appeal from order granting new trial.  Upon the entry of an order granting a new trial, the party aggrieved may prosecute an appeal to the proper appellate court without waiting for final judgment. If the judgment is reversed, the appellate court may direct that final judgment [be entered in the trial court for the party obtaining the verdict unless *70 a motion in arrest of judgment or for a judgment notwithstanding the verdict be made and prevail]."
Plaintiffs, being aggrieved, brought this appeal from a trial court order which granted a new trial to defendants upon the question of liability. The defendants have moved to dismiss, saying that the statute allowing such an appeal has been superseded and invalidated.
Several things are clear:
A. This order and appeal coming prior to final judgment is necessarily an interlocutory appeal.
B. Rule 4.2(a), F.A.R., 32 F.S.A., promulgated by the Supreme Court of Florida, specifies and limits the matters that may be reviewed by interlocutory appeal:
"Rule 4.2 Interlocutory Appeals
"a. Application. Appeals may be prosecuted in accordance with this rule from interlocutory orders in civil actions that, from the subject matter or relief sought, are such as formerly were cognizable in equity, from interlocutory orders relating to venue or jurisdiction over the person and from orders granting partial summary judgment on liability in civil actions and from decisions, orders or judgments entered in civil actions after final judgment, except those relating to motions for new trial, rehearing or reconsideration and from orders granting or denying motions to vacate defaults and from orders granting or denying dismissal for lack of prosecution. Nothing in this rule shall preclude the review of an interlocutory order in a civil action on appeal from the final judgment as otherwise authorized by these rules. This rule shall not be construed as limiting or affecting the power of the district courts of appeal or the circuit courts in reviewing any appropriate interlocutory order by common law certiorari. As amended effective Oct. 1, 1968 (211 So.2d 198); Sept. 30, 1970 (237 So.2d 138)." (Emphasis supplied.)
C. Rule 4.2, F.A.R., supra, specifically disallows and disqualifies interlocutory appeals from orders granting a new trial.
D. Common law certiorari is not an appropriate vehicle to review the order, and such has not been sought, mentioned, or suggested.
E. Article V, § 2(a), of the Florida Constitution, F.S.A., vests the Supreme Court with rule making power, saying:
"(a) The supreme court shall adopt rules for the practice and procedure in all courts including the time for seeking appellate review, the administrative supervision of all courts, the transfer to the court having jurisdiction of any proceeding when the jurisdiction of another court has been improvidently invoked, and a requirement that no cause shall be dismissed because an improper remedy has been sought. These rules may be repealed by general law enacted by two-thirds vote of the membership of each house of the legislature."
F. Rule 1.4, F.A.R., provides:
"... From their effective date as to proceedings commenced after September 30, 1962, these rules shall supersede all conflicting rules and statutes. All statutes not superseded hereby or in conflict herewith shall remain in effect as rules promulgated by the Supreme Court."
See also Fort v. Fort, Fla.App. 1958, 104 So.2d 69 and Farrell v. Bendix Corp., Fla. App. 1970, 232 So.2d 419.
From the foregoing it is our view that the statute is basically an appellate rule; it *71 conflicts with Rule 4.2, F.A.R., in that it disregards the limitations found in the rule and adds another matter as a proper subject of interlocutory appeal; and the appellate rules take precedence and nullify such statutes.
Not only do we feel the result we reach is required iron clad, according to our understanding of the law, we feel that it is highly desirable for clarity, convenience, elimination of conflict, and best results, that the centralization of such power not be compromised even slightly. We wish no return to the division of such power between the legislative and judicial and the times past when it was necessary to search both the rule book and the statutes in order to determine procedure.
And what is the appellants' position? They deny the conflict and remind with considerable force that in 1971 the Supreme Court of Florida approved an interlocutory appeal of an order for new trial on the issue of liability under the statute, and discussed it in some detail, the case being Marley v. Saunders, Fla. 1971, 249 So.2d 30. We have, indeed, examined this opinion with close and respectful care. We are unable to find that the validity of the statute was there challenged or considered. Hence, we do not believe that it forecloses the decision we here reach. Furthermore, we have neither been shown nor found any other case or authority dispositive of the specific question.
We record that, even with the dismissal we now command, the rights of the parties will ultimately be made subject or available for appellate review upon entry of final judgment and full appeal.
Now concluding, it is our opinion that the provisions of F.S. 59.04, F.S.A., supra, are salutary and it is our respectful recommendation that Rule 4.2, F.A.R., be amended to allow interlocutory appeals from orders granting new trials in whole or in part.
The motion to dismiss is granted and the appeal is dismissed.
Dismissed.
CROSS and MAGER, JJ., concur.

UPON PETITION FOR REHEARING AND SUGGESTION FOR CERTIFICATION
Appellants apparently concede that the order granting a new trial to defendants upon the question of liability is an interlocutory order[1] and that Rule 4.2, F.A.R., 32 F.S.A., prohibits interlocutory appeals from such orders. Thus, of course, Section 59.04, F.S. 1971, F.S.A., is in conflict with Rule 4.2, supra, if the statute is construed to authorize an interlocutory appeal (the statute is silent as to whether an interlocutory or plenary appeal is intended) from such interim orders.
It is appellants' argument and position that they are entitled to bring a full or plenary appeal from the interlocutory order in question because this has always been the custom and, hence, the mentioned conflict between the statute and the rule is without moment. We disagree and say that we are constitutionally unable to entertain the full appeal as urged.
This court is limited in its jurisdiction by the Florida Constitution. It possesses only that jurisdiction constitutionally conferred upon it. This jurisdiction can not be diminished nor enlarged by the Legislature.[2] The Florida Constitution in its *72 Article V, § 4(b)(1), F.S.A., grants our court jurisdiction to hear appeals from final judgment or orders of trial courts. That same section specifically provides "they may review interlocutory orders in such cases to the extent provided by rules adopted by the supreme court."
We believe that we are empowered to hear full appeals under Part III, F.A.R. from final judgments and orders only. This notion is bulwarked by the terms of Rule 3.2(b), F.A.R., which provides: "Appeals from final decisions, orders, judgments or decrees shall be commenced within 30 days from the rendition of the final decision, order, judgment or decree." (Emphasis added.) By the very words of the constitution our power to entertain appeals from interlocutory orders is limited to only that specifically provided by the supreme court in its Florida Appellate Rules. A scan of those rules reveals that Rule 4.2 entitled, Interlocutory Appeals, is the only vehicle for appellate review of intermediate orders. Thus, our ability to review interlocutory orders must find sanction here, if at all. As we earlier discussed, the supreme court in its enactment of this rule has specifically excluded those interlocutory orders relating to motions for re-trial, re-hearing, or reconsideration and so we are unable to find any authorization or jurisdiction to review an interlocutory order granting a new trial upon the issue of liability.
Now as to custom and practice, which has heretofore obtained as suggested by appellants. We can only say that appellants have not furnished, and we have not found, any appellate case where this statute and procedure have been challenged, considered and approved when held to the light of the new Article V, § 2(a) of the Florida Constitution. We can only suppose that the litigants and courts have been satisfied in the past to accept and presume the statute valid in the absence of the exact question being presented. We are further mindful that the provisions in the predecessor constitutions of 1885 and 1968 so far as we have been able to determine have been different in that both such earlier provisions provided only:
"Practice and procedure.  The practice and procedure in all courts shall be governed by rules adopted by the supreme court."
Whereas the present constitution, effective January 1, 1973, provides with great specificity and limitation the following in Article V, Section 2(a):
"(a) The supreme court shall adopt rules for the practice and procedure in all courts including the time for seeking appellate review, the administrative supervision of all courts, the transfer to the court having jurisdiction of any proceeding when the jurisdiction of another court has been improvidently invoked, and a requirement that no cause shall be dismissed because an improper remedy has been sought. These rules may be repealed by general law enacted by two-thirds vote of the membership of each house of the legislature."
Reading this new proviso in pari materia and in conjunction with the Rule 1.4, F.A.R., it is our view that the Legislature is restricted from enactment of any appellate rules and that its rule making participation is limited to that of repeal upon two-thirds vote of the Legislature. We mention this only to suggest that there has been a new dimension added upon the adoption of the new Article V of the Florida Constitution in 1972, and this may very well be the reason the statute has not been previously challenged.
Finally, in appellants' Paragraph (h) they argue that to disallow appeals from orders *73 granting a new trial would create hardship, in time and expense upon the litigants. We fully agree and would add that it likewise will further tax the trial court time and facilities for, if the order were reversed, the new trial can be avoided. Howsoever, it is our firm understanding and commitment that the rule making power is vested in the Supreme Court and that this is just a temporary rough spot that can be readily and speedily smoothed by the enactment of a new appellate rule.
As concerns appellants' request that we certify to the Supreme Court that our decision passes upon a question of great public interest we respectfully decline to do so as we believe such procedure to be unnecessary in that the Supreme Court has jurisdiction to hear appeals from decisions of the District Courts of Appeal initially and directly passing upon the validity of a State statute, which is the case here, under Article V, § 3(b)(1) of the Florida Constitution.
For the first time appellants in their petition suggest that the matter should be treated as certiorari. We feel this suggestion lacks merit. Clearly to us the appealed order does not qualify for common law certiorari. The trial court did not act without or in excess of its jurisdiction and there will be a full adequate and complete remedy available to appellants to appeal after final judgment. 1 Malloy, Fla. Appellate Practice & Procedure, § 12.01 (1966); Florida Civil Practice After Trial, § 17.18 (1966).
Having now responded, we adhere to our opinion holding Section 59.04, F.S. 1971, F.S.A., to be invalid, the petition for rehearing and the suggestion for certification be and the same are
Denied.
CROSS and MAGER, JJ., concur.
NOTES
[1] Shannon v. Shannon, Fla.App. 1962, 136 So.2d 253; Bumby & Stimpson, Inc. v. Peninsula Utilities Corp., Fla.App. 1965, 179 So.2d 414; Tyler v. Huggins, Fla.App. 1965, 175 So.2d 239.
[2] Warren v. State, Fla.App. 1965, 174 So.2d 429, where a somewhat similar matter was considered with the result to be distinguished by reason of the fact that there was no conflict existent between the statute and the appellate rule.