285 So.2d 449 (1973)
Dianne LAFLEUR and Edward Lafleur, Appellants,
v.
CASTLEWOOD INTERNATIONAL CORPORATION, d/b/a Big Daddy's Imperial Lounge, et al., Appellees.
No. 73-808.
District Court of Appeal of Florida, Third District.
November 14, 1973.
*450 Sepler & Sussman and Irma Hernandez, Hialeah, for appellants.
Wicker, Smith, Pyszka, Blomqvist & Davant, Bradford, Williams, McKay, Kimbrell, Hamann & Jennings, Miami, and Thomas E. Scott, Jr., Fort Lauderdale, for appellees.
Before PEARSON, HENDRY and HAVERFIELD, JJ.

ON MOTION TO DISMISS
HENDRY, Judge.
Appellees have moved to dismiss the instant appeal on the ground that the trial court's order granting appellees a new trial is not appealable.
Appellants, plaintiffs in the trial court, are seeking review of an order granting appellees a new trial on the issue of punitive damages only. The trial court entered the order following a jury verdict awarding compensatory and punitive damages to the appellants.
It is the appellees' contention that the court's order is not appealable because (1) the appeal is interlocutory in nature and FAR 4.2(a)[1], 32 F.S.A., does not permit an interlocutory appeal from an order upon a motion for a new trial, and (2) Section 59.04, F.S.A.,[2] upon which appellants rely, is in conflict with the appellate rule, and therefore it is unconstitutional.
Appellees have cited a recent decision by our sister court, the Fourth District Court of Appeal, Clements v. Aztec Sales, Inc., 283 So.2d 68, opinion filed June 6, 1973, in which the court held that Section 59.04 *451 conflicts with FAR 4.2(a) and by virtue of Article V, § 2(a) of the Florida Constitution, F.S.A., the rule supersedes the statute. The court also noted FAR 1.4 which reads in part:
"All statutes not superseded hereby or in conflict herewith shall remain in effect as rules promulgated by the Supreme Court."
We have carefully considered this case together with other case authority construing F.S. 59.04 and have concluded that the statute does not conflict with FAR 4.2(a), and therefore is not superseded; and pursuant to FAR 1.4, the statute now remains in effect as a rule promulgated by our Supreme Court.
Our conclusion is based primarily upon the Supreme Court's holding in Marley v. Saunders, Fla. 1971, 249 So.2d 30, which directly considered the question presented here. There the court was concerned with an order granting a new trial upon the question of liability. The appeal was challenged on the ground that the order was not appealable. The court, conceding that the order granting a new trial was not a final judgment, held that the order nevertheless was appealable under the express provisions of Section 59.04.
This court has recognized that an order granting a new trial is a right given by Section 59.04 and is therefore not considered interlocutory in nature. Seigel v. Solomon, Fla.App. 1967, 201 So.2d 501. In Means v. Douglas, Fla.App. 1959, 110 So.2d 88, the First District Court of Appeal also considered Section 59.04 and held that the statute confers a right to appeal which creates an exception to the general rule that appeals at law lie only from final judgments. See also, Atlantic Coast Line Railroad Company v. Boone, Fla. 1956, 85 So.2d 834, 838. Therefore, we conclude that this appeal is not interlocutory in nature, and Section 59.04 presents no conflict with FAR 4.2(a) pertaining to interlocutory appeals.
The motion to dismiss is denied.
NOTES
[1] FAR 4.2(a) reads as follows:

"a. Application. Appeals may be prosecuted in accordance with this rule from interlocutory orders in civil actions that, from the subject matter or relief sought, are such as formerly were cognizable in equity, from interlocutory orders relating to venue or jurisdiction over the person, from orders granting partial summary judgment on liability in civil actions from decisions, orders or judgments entered in civil actions after final judgment, except those relating to motions for new trial, rehearing or reconsideration, from orders granting or denying motions to vacate defaults and from orders granting or denying dismissal for lack of prosecution. Nothing in this rule shall preclude the review of an interlocutory order in a civil action on appeal from the final judgment as otherwise authorized by these rules. This rule shall not be construed as limiting or affecting the power of the district courts of appeal or the circuit courts in reviewing any appropriate interlocutory order by common law certiorari."
[2] F.S., Section 59.04, F.S.A. reads:

"Upon the entry of an order granting a new trial, the party aggrieved may, without waiting for final judgment, prosecute an appeal to the proper appellate court, which, if the cause be reversed, may direct that final judgment be entered in the trial court for the party obtaining the verdict, unless motion in arrest of judgment or for judgment non obstante veredicto be made and prevail.