292 So.2d 429 (1974)
PHILLIPS PETROLEUM COMPANY OF BARTLESVILLE, OKLAHOMA, d/b/a Pier 66, Appellant,
v.
Shirley DORN et al., Appellees.
No. 73-461.
District Court of Appeal of Florida, Fourth District.
April 5, 1974.
*430 Paul V. DeBianchi, Andrews, Lubbers & Obrig, Fort Lauderdale, for appellant.
Irving J. Whitman, Whitman & Wolfe, Miami, for appellees.
DOWNEY, Judge.
Appellant, Phillips Petroleum Company of Bartlesville, Oklahoma, is the owner and operator of a hotel in Fort Lauderdale, Florida, known as "Pier 66", and appellees, Shirley Dorn and Philip Dorn, her husband, were registered guests therein. Immediately after returning to their room one evening they were set upon by three men who had somehow gained entrance to their room. Mrs. Dorn refused to take the situation lying down and was beaten up for her efforts. The intruders took a small amount of jewelry and cash, bound and gagged the appellees and departed.
Appellees' complaint charged appellant with negligence in failing to use reasonable care for the safety of its guests in that appellant (a) failed to provide adequate security personnel in the hotel to protect its *431 guests, and (b) permitted unknown persons to have access to room keys. Appellant responded with a general denial and the defense of contributory negligence.
Appellees requested the court to instruct the jury that appellant was required to exercise a high degree of care for the protection of its guests. Appellant objected to such an instruction, arguing that the appellees were business invitees, to whom the duty owed was reasonable care. The court overruled the objection, and after instructing the jury that negligence is the failure to use reasonable care and that reasonable care is that degree of care which a reasonably careful person would use under like circumstances, the court stated:
"However, a guest who is either asleep in his room or is about to enter his room should not be subjected to the risk of assault by a stranger. A guest has a right to rely upon the innkeeper doing all within his power to avoid or prevent such an assault, and to that end should be required to exercise a high degree of care."
The jury returned a verdict for the husband for $3,000, and "no award" for the wife. A final judgment was entered February 6, 1973 for the husband for $3,000 and costs. Appellant and the appellee wife each filed motions for new trial. On March 22, 1973, appellant's motion was denied but appellee wife's motion was granted. Appellant's notice of appeal filed on April 13, 1973, was directed solely to the aforesaid final judgment in favor of the husband.
Though some of appellant's assignments of error and points on appeal are directed to the order granting Mrs. Dorn a new trial, said order is not appealable. Clement v. Aztec Sales, Inc., Fla. App. 1973, 283 So.2d 68. In any event, since the notice of appeal is directed solely to the final judgment for the husband dated February 6, 1973, the notice of appeal did not have the effect of bringing up for review the order granting the wife a new trial. Karden v. Hatfield, Fla.App. 1962, 143 So.2d 208. Therefore, we do not pass on the propriety of that order.
With reference to the judgment for the husband, it is our view that the trial court's quoted instruction to the jury imposed upon appellant a standard of care more onerous than required by law, and that the judgment in favor of the husband must therefore be reversed.
A registered guest in a hotel is a business invitee to whom the hotel owes a duty of reasonable care for their safety. See cases cited at 17 Fla.Jur., Hotels, Restaurants, and Motels, § 24; 40 Am.Jur.2d, Hotels, Motels, and Restaurants, § 111. While most of the Florida cases announcing the innkeeper-guest standard of care involve a hotel's common rooms and other facilities which are available for the use of all hotel guests in common, we see no reason to require a higher degree of care for protection of a guest in the confines of the particular room assigned to him upon registration, than in the common areas. As pointed out by the Supreme Court in the recent case of Wood v. Camp, Fla. 1973, 284 So.2d 691, persons entering the premises of another fall into one of three categories, trespassers, licensees, or invitees. Each category has a standard of care ascribed to it by law which constitutes a guideline by which to test the negligence vel non of the possessor of the land, and the standard of care owed to an occupant of a hotel room (an invitee) is reasonable care. 284 So.2d at 694.
The instruction under consideration was lifted verbatim from the Illinois case of Fortney v. Hotel Rancroft, 5 Ill. App.2d 327, 125 N.E.2d 544, 548 (1955). The authorities cited therein do not appear to justify the language used, and a subsequent *432 Illinois case citing Fortney indicates the standard in that state is reasonable care. See Darby v. Checker Co., 6 Ill. App.3d 188, 285 N.E.2d 217 (1972). See too Stahlin v. Hilton Hotels Corporation, 484 F.2d 580 (7th Cir.1973). A few other cases do refer to an innkeeper's duty to his guests as requiring a high degree of care, or a very high degree of care. See cases cited at 43 C.J.S. Innkeepers § 22, page 1174, note 13. However, the majority view does not appear to support that extreme standard. 40 Am.Jur.2d Hotels, Motels, and Restaurants, §§ 111, 112; 43 C.J.S. Innkeepers § 22, page 1175, note 32; Nixon v. Royal Coach Inn of Houston, Tex.Civ. App. 1971, 464 S.W.2d 900; Brewer v. Roosevelt Motor Lodge, Maine 1972, 295 A.2d 647.
Appellees' complaint alleges that appellant was negligent in failing to use reasonable care for their safety. Yet the instruction complained of advises the jury that a guest has a right to rely upon the innkeeper doing "all in his power" to avoid or prevent an assault by a stranger. Does this mean the jury could find that a large corporation like Phillips Petroleum Company was able to employ a guard for every room in the hotel and that it should have done so? Phillips no doubt has the power to do so. But as the authorities cited above indicate, it did not have the duty to do so since such a requirement is clearly unreasonable. Thus, the instruction complained of misinformed the jury as to the standard of care which appellant was required to exercise in protecting the appellees, and therefore it constitutes reversible error. Isenberg v. Ortona Park Recreational Center, Inc., Fla.App. 1964, 160 So.2d 132.
Finally, the court's instruction that a guest who is either asleep in his room or is about to enter his room should not be subjected to the risk of assault by a stranger could well leave the jury with the impression that the court felt appellant was in fact negligent in not preventing the assault from happening. Such a statement by the court was as misleading in the present case as the charges on speed in rural areas were in Bessett v. Hackett, Fla. 1953, 66 So.2d 694, 700.
In all events, the court's instruction imposed upon appellant a higher duty than was required by the pleadings, the evidence, or more importantly, the law. This was error. Bessett v. Hackett, supra.
Accordingly, the judgment for the appellee, Philip Dorn, is reversed and remanded for a new trial.
WALDEN and MAGER, JJ., concur.