DEKLE, Justice.
A classic conflict for jurisdiction is presented in the proceeding in certiorari. The briefs on jurisdiction are also classic in being set forth on exactly two pages each! Interestingly enough, the conflict is contained in the same bound volume of Southern Reporter. On June 6, 1973, the Fourth District in Clement v. Aztec Sales, Inc., Fla.App., 283 So.2d 68, held that an order granting a new trial was subject to dismissal on appeal because it was not included in one of the grounds of our F.A.R. 4.2(a) and held Fla.Stat. § 59.04 specifically providing for an appeal from an order granting a new trial to be invalid because of the provision of F.A.R. 1.4 that all statutes in conflict with the rules are superseded by them. Later in the same volume on November 14, 1973, appears the Third District opinion in Lafleur v. Castlewood International Corporation, Fla.App., 285 So.2d 449, holding that the provision of the statute for such an appeal from an order granting a new trial does not conflict with the Supreme Court rule and therefore was not superseded and was not subject to motion to dismiss. Diametric conflict is apparent and thus we have jurisdiction under Fla.Const. Art. V, § 3(b)(1), West’s F.S.A.
On June 19, 1974, within the very week that petition was filed herein on June 24, 1974, this conflict was settled and placed at rest by our learned Chief Justice James C. Adkins upon the appeal of the aforesaid Clement v. Aztec Sales, Inc.; reported at Fla., 297 So.2d 1, holding with the view of the erudite Judge Norman Hendry foi the Third District in the other case of Lafleur v. Castlewood International Corp. that the statute providing for the appeal from an order granting a new trial under § 59.04 remains viable and is consistent with F.A.R. 4.2 setting forth those cases authorizing interlocutory appeals.
Chief Justice Adkins, citing earlier authorities, holds in Aztec that an order granting a new trial is a substantive right given by Fla.Stat. § 59.04 and is not interlocutory in nature and thus not in conflict with F.A.R. 4.2 and that the statute was not superseded by the provisions of F.A.R. 1.4 as in conflict therewith; that under the provision of Rule 1.4 the Statute § 59.04 remains in effect as a rule promulgated by the Supreme Court.
Means v. Douglas, 110 So.2d 88 (Fla. App. 1st 1959), one of the authorities cited in Clement v. Aztec Sales, Inc., in the Supreme Court, was, as respondent points out, decided prior to the present F.A.R. 4.2(a) specifically designating the cases in which interlocutory appeals will lie; however, the reasoning involved was considered by this Court in Aztec and resolved against respondent’s position.
The scholarly Judge Tillman Pearson of the Third District authored Means v. Douglas while on assignment in 1959 as Associate Judge in the First District and referred in that able opinion to the Statute § 59.04 as authorizing an appeal from an order granting a new trial, thus projecting from the outset the ultimate holding in the line of cases culminating in the affirmance of his consistent view in the recent *724 decision by this Court in Aztec. Judge Pearson remained of that view in 1973 when he joined in the polished opinion of his fellow Judge Norman Hendry in La-fleur, supra, when he was sitting in his own Third District.
Certiorari is accordingly granted and the dismissal of appeal by the Fourth District Court of Appeal at 294 So.2d 723 (1974) is quashed and the cause is remanded with directions that the Fourth District proceed with consideration of the appeal on the merits.
The appeal before us which was consolidated with this certiorari proceeding is hereby rendered moot and the appeal to this Court is dismissed.
It is so ordered.
ADKINS, C. J., and ROBERTS, OVER-TON and ENGLAND, JJ., concur.