PER CURIAM.
Upon review and consideration of the briefs and record on appeal and oral argument we are of the opinion that the final judgment should be reversed.
The issue in this appeal relating to the granting of a new trial to plaintiff-appellee on damages only was not (and undoubtedly could not have been) previously considered by this court at the time of a similar earlier appeal because of this court’s specific admonitions set forth in its decision. See Phillips Petroleum v. Dorn, 292 So.2d 429 (Fla. 4th DCA 1974) citing Clement v. Aztec Sales, Inc., 283 So.2d 68 (Fla. 4th DCA 1973).[1] The Supreme Court of Florida has, since our holding in Dorn, supra, reversed Clement v. Aztec Sales, Inc., supra, thereby removing a legal obstacle which we found to exist when we rendered our decision in Dorn. See also Bowen v. Willard, 340 So.2d 110 (Fla.1976).
Accordingly, we hold that the granting of a new trial to plaintiff on the issue of damages only is properly before this court for its consideration at this time; and based upon the other relevant portions of our decision in Dorn, supra, relating to jury instructions, and Clement v. Aztec, supra, the final judgment is reversed with directions to grant plaintiff a new trial on the issues of liability and damages.
REVERSED, with directions.
MAGER, C. J., and ALDERMAN and LETTS, JJ., concur.

. It should be noted that the briefs of both parties submitted in the former appeal attempted to present an argument to this court on the issue of the granting of a new trial to the wife for damages only; however, this court specifically declined to consider this issue for the reasons hereinabove set forth. Cf. Perkins v. Pare, Fourth District Court of Appeal, Case Ño. 76-1755 opinion filed April 1'5, 1977.