BOOTH, Judge,
dissenting.
This cause arose outside the territorial jurisdiction of this court and should be transferred to the appropriate District Court of Appeal, instanter[1] The legislative attempt by enactment of § 46 of Chapter 79-40, Laws of Florida, to vest one of the five District Courts of Appeal with statewide jurisdiction of cases arising under Chapter 440, Florida Statutes, is directly contrary to the separation of powers doctrine and violates Florida Constitution, Article III, § 11, Article V, §§ 1 and 4. The creation of a special, single District Court of Appeal flies in the face of the intent of the framers of the amendment which created the District Courts of Appeal, and the basis on which the creation of District Courts was proposed to, and voted for, by the electorate of this State, amending the Constitution.[2] Legislative forum shopping, if ultimately upheld, marks the beginning of the end of Florida’s judicial system as we now know it.
I respectfully dissent.

. Warren v. State, 174 So.2d 429, 430 (Fla. 1st DCA 1965):
“The fact that this appeal is clearly authorized by the provisions of the foregoing statutes is not determinative of the question with which we are concerned. This court is one of limited jurisdiction. ' It possesses only such jurisdiction as is conferred upon it by the Constitution of the State, which jurisdiction may be neither diminished nor enlarged by an act of the legislature. Any statute purporting to either add to or diminish the jurisdiction of this Court would be null and void.”
University Federal Savings and Loan Association v. Lightbourn, 201 So.2d 568, 570 (Fla. 4th DCA 1967):
“Article V, Section 5, Constitution of the State of Florida FSA, provides for the creation of four or more appellate districts and provides and limits the jurisdiction of each appellate district court to those counties prescribed by the legislature for inclusion in its district.
“Chapter 35, FSA, lists the counties included in the several districts, and we learn therefrom that Broward County is found in the Fourth Appellate District, while Dade County is in the Third Appellate District.
“With the foregoing state of affairs, it is apparent that we lack jurisdiction over Dade County and that any effort that we might make to correct the order directed to the Circuit Court in Broward County would be a nullity. . . . ”

. Guide to Proposed Constitutional Amendment No. 1, Florida Judicial Counsel, November 1, 1955:
“Questions and answers at page 38:
“Question: Will the jurisdiction of all District Courts of Appeal be identical ?
“Answer: Yes. The amendment makes no provision for flexibility with regard to the jurisdiction of the three District Courts of Appeal.” (emphasis supplied)