667 So.2d 490 (1996)
INSTITUTO PATRIOTICO Y DOCENTE SAN CARLOS, INC., a Florida, corporation not for profit, Appellant,
v.
CUBAN AMERICAN NATIONAL FOUNDATION, a Florida corporation not for profit, Intervenor/Appellee, and
Alfredo Perez, constituting Instituto Patriotico Y Docente San Carlos, an unincorporated association, Appellee.
No. 95-2511.
District Court of Appeal of Florida, Third District.
February 7, 1996.
Warren P. Gammill, Miami, for appellant.
Kelley, Drye & Warren and Ignacio Sanchez; Miami, Alfredo Perez, for appellees.
Before JORGENSON, GERSTEN and GREEN, JJ.
GREEN, Judge.
Appellant Instituto Patriotico Y Ducente San Carlos, Inc. ("Instituto"), defendant below, *491 appeals certain adverse findings and conclusions made by the trial court in a final summary judgment for declaratory relief. Although the summary judgment was entered in favor of the Instituto, and no party to this action has challenged the same on this appeal, the Instituto complains that the trial court sua sponte incorporated into the summary judgment certain adverse findings and directives which were never presented to the court as issues in any party's pleadings, evidence or argument on the motion for summary judgment. Based upon our review of the record, we find the Instituto's argument on this appeal to be well taken. Accordingly, we affirm the summary judgment entered in favor of the Instituto but remand this cause with directions to the trial court to strike and vacate the findings and directives which have been challenged by the Instituto on this appeal.
The Instituto has had exclusive possession of the San Carlos Institute in Key West since May 1986 and has operated this facility as a non-profit Cuban-American museum, gallery, library, language school and theater. Alfredo Perez, an individual claiming to represent an unincorporated association (Instituto Patriotico y Docente San Carlos) with possessory rights to the San Carlos Institute, filed an eviction action against the appellant Instituto in the county court of Monroe County. The Instituto answered and filed a counterclaim[1] along with a motion to transfer the action to the circuit court. The case was transferred to the circuit court below. The Cuban American National Foundation ("C.A.N.F.") was given leave to intervene into this action to file a declaratory judgment action against both Perez and the Instituto. In its action, C.A.N.F. sought a determination of its possessory rights to the San Carlos Institute as a "fiduciary lessee" under a 1986 settlement agreement between the Historic Florida Keys Preservation Board, Florida State Commission on Hispanic Affairs, San Carlos Institute, Historic Playhouses, Inc. and C.A.N.F. and to enjoin Perez and the Instituto from interfering with C.A.N.F.'s exercise of such rights.
Thereafter, Perez voluntarily dismissed his eviction action against the Instituto. In the declaratory judgment action, C.A.N.F. moved for summary judgment against both Perez and the Instituto and the Instituto filed a cross motion for summary judgment against the C.A.N.F. The sole issue presented to the court on the parties' cross motions for summary judgment was whether C.A.N.F. had any possessory rights as a "fiduciary lessee" to the San Carlos Institute by virtue of the 1986 settlement agreement. The Instituto's motion for summary judgment was accompanied by a copy of the 1986 settlement agreement and the sworn affidavit of Rafael Panalver, Jr. who is the chairman of the board for the Instituto. No other affidavits or evidence was presented by any other party.
The pertinent terms of the settlement agreement required the Instituto to execute a lease agreement allowing the C.A.N.F. to serve as fiduciary lessee of the San Carlos Institute for a period of 20 years. In this capacity, the C.A.N.F. would be responsible for raising funds for the renovation of the facility as well as managing and controlling the facility. According to the uncontroverted affidavit of Mr. Penalver, Jr., however, the Instituto never executed or delivered such a lease to the C.A.N.F. and has been in exclusive possession and control of the San Carlos Institute since May 20, 1986. The trial court granted summary judgment in favor of the Instituto and against the C.A.N.F. finding, inter alia, that the Instituto has exclusive possessory rights to the San Carlos Institute and that C.A.N.F.'s claim to the facility by virtue of the settlement agreement to be otherwise barred by the statute of limitations and/or laches. The court also found that neither Perez or the group he claimed to represent had any viable interest in the San Carlos Institute and enjoined them from further use of the names "Instituto Patriotico Y Docente San Carlos" and "San Carlos Institute." Since no party has appealed the entry of summary judgment based upon these findings, we do not review the same. Phillips Petroleum Co. v. Dorn, 292 So.2d 429, 431 *492 (Fla. 4th DCA 1974); Karden v. Hatfield, 143 So.2d 208 (Fla. 3d DCA 1962); Lightsee v. First Nat'l Bank of Melbourne, 132 So.2d 776, 778 (Fla. 2d DCA 1961).
On this appeal, the Instituto complains that the trial court inexplicably and without notice to the parties went on to make gratuitous findings on nonissues such as the makeup of the Instituto's board of directors, the content of its articles of incorporation and the fee simple ownership of the San Carlos Institute.[2] Based upon such findings and others, the trial court: (1) ousted the Instituto's existing directors and ordered it to reorganize the board in accordance with the court's finding within 180 days; (2) ordered the Instituto to amend its Articles of Incorporation in accordance with the court's findings; and (3) ordered the Instituto to register with the Office of Foreign Assets Control, Department of Treasury within 30 days of the order. The Instituto asserts on this appeal that since issues regarding the composition of its board; the content of its articles and the fee simple title to the facility were never raised in any of the pleadings, discovery or argument of any party to this action, the trial court lacked jurisdiction to entertain any such issues. We agree:
It is fundamental that a judgment upon a matter entirely outside of the issues made by the pleadings cannot stand; and where, as here, an issue was not presented by the pleadings nor litigated by the parties during the hearing on the pleadings as made, a decree adjudicating such issue is, at least, voidable on appeal.
Cortina v. Cortina, 98 So.2d 334, 337 (Fla. 1957); Cravero v. Florida State Turnpike Auth., 91 So.2d 312 (Fla. 1956). That is because the law in Florida is well established that a trial court lacks jurisdiction to entertain and adjudge matters which have not been the subject of proper pleadings and notice. In re Estate of Hatcher, 439 So.2d 977 (Fla. 3d DCA 1983). In the seminal case of Lovett v. Lovett, 93 Fla. 611, 112 So. 768 (Fla. 1927), the supreme court succinctly put it as follows:
The jurisdiction and power of a court remain at rest until called into action by some suitor; it cannot by its own action institute a proceeding sua sponte. The action of a court must be called into exercise by pleading and process, prescribed or recognized by law, procured or obtained by some suitor by filing a declaration, complaint, petition, cross-bill, or in some form requesting the exercise of the power of the court. If a court should render a judgment in a case where it had jurisdiction of the parties, upon a matter entirely outside of the issues made, it would, of necessity, be arbitrary and unjust as being outside the jurisdiction of the subject matter of the particular case, and such judgment would be void and would not withstand a collateral attack, for upon such matter a presumption would arise that the parties had had no opportunity to be heard.
112 So. at 775-76.
Where, as here, the sole issue presented to the court in the declaratory action by the parties on their cross motions for summary judgment was whether the C.A.N.F. had any possessory rights as a fiduciary lessee to the San Carlos Institute under a 1986 settlement agreement, the trial court was completely without jurisdiction to sua sponte make extraneous findings and conclusions on matters not raised by the parties. We therefore affirm that unchallenged portion of the final summary judgment wherein the court: (1) found the Instituto to be the rightful possessor of the San Carlos Institute; (2) denied C.A.N.F.'s claim to a possessory interest in the facility; and (3) prohibited the further use of the Instituto's name by any other person or entity and all findings of fact made by the court in support of adjudications. However, we must remand this cause with instructions to the court below to vacate that portion of the summary final judgment requiring the Instituto to (1) reorganize its board of directors in accordance with the trial court's opinion; (2) amend its article of *493 incorporation in accordance with the trial court's opinion and (3) register with the office of Foreign Assets Control, Department of Treasury as well as all factual findings made by the court in support of such directives.
Affirmed in part and remanded with instructions to vacate in part.
NOTES
[1] The counterclaim sought, among other things, to enjoin Perez from using the names "Instituto Patriotico y Docente San Carlos" and "San Carlos Institute."
[2] The trial court found that the San Carlos Institute was owned in fee simple by the Republic of Cuba, therefore, the facility was subject to the Cuban Assets Control Regulations, 31 C.F.R. pt. 515 (1995) (amended 1995) issued pursuant to the Trading With the Enemy Act, 50 U.S.C.A. app. §§ 1-44 (West 1990 & Supp. 1995).