WELLS, J.
Meital Ancikovsky appeals from two non-final orders, one granting her motion to travel to Israel with her infant daughter, the other requiring payment of temporary attorney’s fees and costs from an account held in her name. As to the first, Meital claims to have been denied due process when the trial court authorized a second weekly overnight visitation between her estranged husband, Amit, and their infant daughter when ruling on her motion for permission to take the minor child to Israel. As to the second, she claims that the trial court erred in ordering her to pay temporary attorney’s fees and costs from her assets without ascertaining their reasonableness. We find no merit in these arguments and affirm.
The motion for permission to travel to Israel with the minor child is the third such motion filed in this matter allegedly to accommodate the mother’s employment as an attorney at the Greenberg Traurig law firm.[1] The second of these motions resulted in a stipulated order detailing the conditions under which the child could travel to Israel; spelling out make-up visitation with the father following the child’s return; and ordering an evaluation for the purpose of expanding the father’s overnight visitation.
After mother and child returned from Israel, the father moved to compel compliance with the stipulated order attaching copies of correspondence between the child’s guardian ad litem and the mother in which the guardian attempted, apparently in vain, to secure the agreed upon visitation and to obtain agreement on expanded overnight visitation. Shortly after this motion was filed, the mother filed her third motion for permission to take the minor child to Israel. The father responded, in part, claiming that although the mother had stipulated to make-up visitation and to consideration of expanded overnight visitation to obtain permission to travel to Israel the last time, she had steadfastly refused to cooperate with either. He also claimed that breastfeeding, the mother’s only excuse for limiting his overnight visitation, *401 was no longer a valid justification as to this now one-year-old child:
To the Father’s knowledge, the Mother’s only excuse to the imposition of obstacles in the implementation of the overnights was that [the child] is still breastfeeding and this “extended” period of time-sharing with the Father would have an adverse effect on [the child’s] health. The Father has consulted, in person, in the presence of the Mother with Dr[.] V. Salmas ([the child’s] pediatrician)- Dr[.] Salinas also has given the Father in writing (in the presence of the Mother) the names of two formula based supplements (ISO-MIL and ENFANMIL) that could be used to feed [the child] at these overnights (since the Mother continues to refuse to pump breast-milk).... It should be noted that ... the Father assumed per the Mother’s numerous representations, to him, to the GAL and on various occasions — to the Court— that [the child] was being fed exclusively with breast-milk plus additional natural solids and liquids. However, the Father, learned that the Mother was supplementing her breast-milk with a formula named ISOMIL.... The Father has fed [the child] ENFAMIL on his overnight visits and intends to continue to do so.
This response necessarily put the mother on notice that the father intended to address additional overnight visitation, a subject consistently raised in conjunction with the mother’s travel requests, at the time her most recent travel request was considered by the lower court. Consideration of this issue, raised in the pleadings, therefore resulted in no due process violation. See Instituto Patriotico Y Docente San Carlos, Inc. v. Cuban Am. Nat'l Found., 667 So.2d 490, 492 (Fla. 3d DCA 1996) (noting that “a judgment upon a matter entirely outside of the issues made by the pleadings cannot stand”).
We also find no error in the temporary fee order. The mother has not demonstrated either that the fund from which the fees are to be paid is her separate, as opposed to a marital, asset or that the amounts sought by the attorneys and the accountant were disputed. The record presented here also does not show that the trial court abused its discretion or otherwise erred in entering the temporary fee award.
Accordingly, both orders are affirmed.

. The parties were married in Tel-Aviv, their parents live there, and the mother is fluent in Hebrew.