LEWIS, C.J.
Petitioners, Anheuser-Busch Companies, Inc. and Anheuser-Busch, Incorporated, petition for a writ of certiorari and challenge an Order Disqualifying Law Firm. We conclude that the trial court, based upon the record before it, did not depart from the essential requirements of the law in determining that a conflict of interest existed and in disqualifying the law firm representing both Petitioners, the alleged tortfeasors in a negligence suit brought by Respondent, Christopher Staples, and Respondent’s employer with respect to its workers’ compensation lien claim against any judgment awarded to Respondent as a result of his lawsuit. We, therefore, deny the certiorari petition.
After he was injured while working for his employer, Respondent received workers’ compensation benefits. He subsequently filed a negligence/premises liability action against Petitioners, seeking damages for the injuries he sustained in the accident occurring on their premises. The law firm at issue entered an appearance on behalf of Petitioners in the tort action. The firm also filed a Notice of Lien pursuant to section 440.39(3)(a), Florida Statutes, in the tort action on behalf of the employer. Prior to a scheduled mediation, Respondent moved to disqualify the law firm. Both Petitioners and Respondent’s employer filed a Consent to Representation with respect to the *311 law firm. The trial court entered an order disqualifying the firm, finding in part that the interests of the firm’s clients were directly adverse to one another. After determining that Respondent had standing to raise the conflict of interest, the trial court noted that even if Respondent lacked the requisite standing, it would have raised the issue itself and reached the conclusion that disqualification was necessary. It also determined under Rule 4-1.7 of the Florida Rules of Professional Conduct that the conflict could not be waived because it was unreasonable for the firm to believe that it would be able to provide competent and diligent representation to each affected client and because the representation of Petitioners involved'the assertion of a position adverse to Respondent’s employer.
Petitioners filed a motion for rehearing and claimed for the first time that an indemnity agreement existed between themselves and the employer and that, as a result, the trial court’s conclusion that their interests were fundamentally antagonistic to the employer’s interests was erroneous. The indemnity agreement was not attached to the motion or to an accompanying affidavit. The trial court denied the motion for rehearing, and this proceeding followed.
Certiorari is the appropriate remedy to review an order granting a motion to disqualify counsel. See Transmark, U.S.A., Inc. v. State, Dep’t of Ins., 631 So.2d 1112, 1116 (Fla. 1st DCA 1994). While it is true, as Petitioners and the dissent point out, that disqualification of a party’s counsel is an extraordinary remedy that should be resorted to sparingly, see Vick v. Bailey, 111 So.2d 1005, 1007 (Fla. 2d DCA 2000), we find no departure from the essential requirements of the law in this case. The dissent acknowledges that the law firm’s representation of Petitioners and Respondent’s employer amounted to a conflict of interest under rule 4-1.7(a) of the Florida Rules of Professional Conduct. The dissent then characterizes the issue in this proceeding as being whether the trial court’s legal ruling that Petitioners and Respondent’s employer could not waive the conflict departed from the essential requirements of the law. However, the only issues Petitioners have raised before us are whether Respondent had standing to seek disqualification of the law firm and whether, if Respondent had the requisite standing to do so, the existence of the indemnity agreement that was not brought to the trial court’s attention until the filing of Petitioners’ motion for rehearing established that Petitioners’ interests were not fundamentally antagonistic to Respondent’s employer’s interest.[1]
Contrary to the dissent’s characterization of the issue presented in this case, Petitioners have not argued in this proceeding that the trial court’s analysis under rule 4-1.7(b) was erroneous, that the trial court departed from the essential requirements of the law in concluding that the law firm could not reasonably believe that it was capable of providing competent and diligent representation to each affected client under rule 4-1.7(b)(1), or that mediation does not constitute a “proceeding before a tribunal” for purposes of rule 4-1.7(b)(3). In fact, Petitioners did not cite to rule 4-1.7(b) in their certiorari petition or in their reply to Respondent’s response. Nor was any mention of the rule or the trial court’s analysis as to the rule *312 made at oral argument. Although the dissent correctly notes that Petitioners cited to State Farm Mutual Automobile Insurance Co. v. K.A.W., 575 So.2d 630 (Fla.1991), and Anderson Trucking Service, Inc. v. Gibson, 884 So.2d 1046 (Fla. 5th DCA 2004), in their certiorari petition, neither of those cases cited to rule 4-1.7(b). Moreover, Petitioners relied upon those two' cases in support of their argument that Respondent lacked standing to seek disqualification of the law firm, not in support of any of the issues raised by the dissent. Furthermore, while Respondent’s response to the certiorari petition contains one citation to rule 4-1.7(b), Petitioners made no mention of the rule or the issue of waiver or consent in them reply to the response.
The dissent obviously finds certain aspects of this case concerning. However, we are not at liberty to address issues that were not raised by the parties. See Philip J. Padovano, Florida Appellate Practice § 18.5, at 840-41 (2011 ed.) (noting that an issue on appeal must be one that was raised by a party to the proceeding and citing Lightsee v. First National Bank of Melbourne, 132 So.2d 776 (Fla. 2d DCA 1961), for the proposition that an appellate court is “not authorized to pass upon issues other than those properly presented on appeal”); David M. Dresdner, M.D., P.A. v. Charter Oak Fire Ins. Co., 972 So.2d 275, 281 (Fla. 2d DCA 2008) (deeming any potential issue pertaining to the final judgment for attorney’s fees and costs waived or abandoned as no argument regarding the issue was made on appeal).[2]
Accordingly, because Petitioners have failed to establish that the trial court departed from the essential requirements of the law with respect to the specific issues actually raised in this proceeding, we DENY their certiorari petition on the merits.
BENTON, J., concurs with opinion; MAKAR, J., Dissenting.

. Petitioners do not argue that the trial court erred in denying their motion for rehearing. See Fitchner v. Lifesouth Cmty. Blood Ctrs., Inc., 88 So.3d 269, 278 (Fla.1st DCA 2012) (noting that trial courts are not required to consider new issues presented for .the first time on rehearing).

. We note that even if Petitioners had raised the issues addressed by the dissent, we would still deny the certiorari petition. We disagree with the dissent's assertion that the trial court departed from the essential requirements of the law in determining, pursuant to rule 4-1.7(b)(1), that it was unreasonable for the law firm to believe that it could provide competent and diligent representation to both Petitioners and Respondent’s employer. As the trial court reasoned based upon the facts before it, Petitioners' interest would lie in minimizing the damages awarded by a verdict or settlement while the employer’s interest would lie in helping Respondent recover the maximum possible damages against Petitioners so that it could maximize its recovery on its workers’ compensation lien. With respect to rule 4-1.7(b)(3), while the dissent focuses on whether mediation constitutes a "proceeding before a tribunal,” the employer’s Notice of Lien was filed in the underlying tort case. There is no question that the underlying case constitutes a "proceeding before a tribunal.” As such, the dissent's focus on mediation is much too narrow.