# Third District Court of Appeal
## State of Florida

Opinion filed October 26, 2022.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-71
Lower Tribunal No. 14-21598
_____

**Patricia Marquez Sosa,
a/k/a Patricia DeRigne,**
Appellant,

vs.

**Hector Gabriel Balzaga Pena,**
Appellee.

An Appeal from a non-final order from the Circuit Court for Miami-Dade County, Denise Martinez-Scanziani, Judge.

Law Office of Richard F. Joyce, P.A., and Richard F. Joyce, for appellant.

Rafael J. Oropesa, Attorney at Law, P.A., and Rafael J. Oropesa, for appellee.

Before FERNANDEZ, C.J., and GORDO and BOKOR, JJ.

GORDO, J.

Patricia Marquez Sosa a/k/a Patricia Derigne ("the Mother") appeals a trial court order denying her motion to dismiss due to forum non conveniens and unjustifiable conduct. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(viii).

The Mother and Hector Gabriel Balzaga Pena ("the Father") have two minor children, K.B. and G.B., born in Miami-Dade County, Florida in 2012 and 2013 respectively. In November 2015, the trial court entered a final judgment of dissolution of marriage which established the trial court had jurisdiction over the action and ratified the parties parenting plan. Thereafter, a dependency case was opened. In August 2019, the dependency court temporarily placed the children with the Mother in Texas. In March 2020, the Father filed a supplemental petition to modify parental responsibility, parenting plan/time-sharing schedule and other relief in Florida. The dependency court subsequently awarded the Father supervised monthly visitation, ordered the parents to alternate flying between Florida and Texas each month and relinquished its jurisdiction over the action.

The Mother filed a motion to dismiss the Father's petition for lack of jurisdiction, forum non conveniens and unjustifiable conduct. The trial court denied part of the Mother's motion to dismiss for lack of jurisdiction finding, notwithstanding the intervening dependency matter, Florida had continuing,

exclusive jurisdiction pursuant to section 61.515, Florida Statutes.  The trial court reserved ruling on the issues of inconvenient forum and unjustifiable conduct and set the matter for a full evidentiary hearing.  Following that hearing, the trial court denied the motion to dismiss, finding Florida was not an inconvenient forum and the Father had not engaged in unjustifiable conduct.  This appeal followed.

We find no jurisdictional defect in the trial court's determination that Florida retains jurisdiction over custody issues under these factual circumstances.  Pursuant to section 61.515(1), a Florida court retains exclusive, continuing jurisdiction after making a custody determination until it determines **both parents** and the children do not reside in or have a significant connection to the state.  § 61.515(1), Fla. Stat.  Here, it is undisputed the Florida trial court made a custody determination in November 2015 and that the Father remains a Florida resident with significant connections to the state.  The dependency court's temporary placement of the children with the Mother in Texas did not relinquish Florida's jurisdiction over the case—particularly where the dependency court relinquished its own jurisdiction over the action for the trial court to rule on the Father's petition. See Yurgel v. Yurgel, 572 So. 2d 1327, 1331 (Fla. 1990) ("[T]he UCCJA does

not operate to divest a court of continuing jurisdiction unless virtually all contacts have been lost with the forum state.").

We note on appeal, the Mother did not contest the trial court's findings that Florida was not an inconvenient forum or that the Father did not engage in unjustifiable conduct. Accordingly, any argument regarding those issues is considered waived. See Rosier v. State, 276 So. 3d 403, 406 (Fla. 1st DCA 2019); Anheuser-Busch Co., Inc. v. Staples, 125 So. 3d 309, 312 (Fla. 1st DCA 2013) (noting an appellate court is "not at liberty to address issues that were not raised by the parties").

Further, absent a transcript this Court cannot properly determine whether the trial court abused its discretion in making those findings. See Applegate v. Barnett Bank of Tallahassee, 377 So. 2d 1150, 1152 (Fla. 1979) ("Without a record of the trial proceedings, the appellate court can not properly resolve the underlying factual issues so as to conclude that the trial court's judgment is not supported by the evidence or by an alternative theory. Without knowing the factual context, neither can an appellate court reasonably conclude that the trial judge so misconceived the law as to require reversal.").

Affirmed.