BUFORD, Justice.
The appeal is from a judgment in favor of plaintiff in a tort action wherein it was alleged, in effect, “that on or about April 8, 1951, at approximately 1:00 o’clock A.M., the defendant, Karen Gardens, Inc., was possessed of and in control, and had the responsibility and duty of maintaining the safe condition of a certain breezeway situate just west of the swimming pool located at Karen Club Apartments in Fort Lauderdale, Florida, and did: * * * so negligently allow the floor which was constructed with terrazzo to be in- a slick and slippery and therefore in an unsafe condition, after knowledge by the defendant of said condition, and so negligently failed to warn the plaintiff, Jackie Walen, of the known dangeriand unsafe condition of the said floor of said breezeway, and so negligently permitted the said floor in the said breezeway to be in slick and slippery condition after knowledge thereof, and which slick and slippery condition was not observable to tenants of the Karen Club Apartments using the said breezeway, that the negligent acts * * * caused the plaintiff, Jackie Walen, to fall while she was lawfully walking upon and using said breezeway * * *; that as a proximate result thereof, plaintiff, Jackie Walen, was seriously and permanently injured.”
The complaint stated a cause of action.
Whether' the proof. established as true the allegations of the complaint was a question for the jury to determine and one about which reasonable minds might differ. See Mertz v. Krueger, Fla., 58 So.2d 160, and cases there cited.
We have examined the evidence in this case and feel that we are not warranted in disturbing the verdict and judgment. Therefore, the judgments are affirmed.
It is so ordered.
ROBERTS, C. J., DREW, J., and TAYLOR, Associate Justice, concur.