PEARSON, Judge.
This action was brought to recover damages arising out of a fall by a guest upon an outside terrazzo walkway maintained on the premises of a resort motel located in Miami Beach. At the conclusion of plaintiff’s case, the trial judge directed a verdict for the defendant motel. Plaintiff appeals from the final judgment entered pursuant to this directed verdict.
Viewing the facts in the light most favorable to the plaintiff, the record shows the following circumstances. The plaintiff, a medical doctor, had been a guest at the defendant’s motel for approximately two weeks. On January 7, 1956, shortly before noon, he was dozing on a lounge chair in the grass patio area. He was clad only in bathing trunks and was in his bare feet. He was awakened by the screams of a child some 20 to 30 feet away. The child was holding his wrist and crying, “My arm! My arm! ” The plaintiff rushed to the child’s aid. In so doing he passed over a grass area that was being watered by a mechanical sprinkler, and onto a section *377 of terrazzo walkway which was wet with spray blown by the wind from the sprinkler. The plaintiff slipped and was injured when his wet bare feet hit the wet terrazzo. In addition to these facts the plaintiff introduced the testimony of a builder in the area. His testimony was to the effect that the terrazzo is an unsuitable material for the construction of outside walkways because of its slippery condition when wet. He further testified that terrazzo may be coarsely or finely ground and that this particular walkway was the “most finely ground” that he had encountered.
The trial judge based his directed verdict for the defendant upon two grounds: (1) that the plaintiff had not proved a prima facie case of negligence by the defendant, and (2) that the defendant was guilty of contributory negligence as a matter of law. A review of the evidence before the trial judge convinces us that he was correct upon the first ground.
A motel guest is a business invitee to whom the operator of the motel owes a duty to use ordinary or reasonable care to provide the guest with reasonably safe premises. See Goldin v. Lipkind, Fla.1950, 49 So.2d 539. Plaintiff’s contention, as to the breach of this duty, is that the defendant constructed and maintained its outside walkway of a material that was not reasonably safe for such use. Therefore the controlling question is: was the plaintiff’s evidence sufficient to establish that terrazzo was an unsafe material for use under the conditions in which it was used by the defendant? It was of course necessary for the plaintiff to show that his injury was proximately caused by the defendant’s use of this material.
In the case of Bucholtz v. City of Jacksonville, Fla.1954, 72 So.2d 52, 53, the Supreme Court of Florida affirmed a final judgment based upon an order granting a motion to dismiss a complaint in which negligence was predicated upon the allegation that the city permitted the treads of the steps into the city hall to be worn slick and smooth. The reasoning of the Court is set out in the opinion as follows:
“It is a matter of common knowledge that constant use of steps, although properly constructed of proper material, will cause such steps to become slick and smooth. The steps leading into the Supreme Court Building and most of the floors in such building are slick and smooth. The same can be said with reference to multiplied thousands of public buildings throughout the State of Florida. The hardwood floors or marble floors in countless homes, hotels and other buildings throughout Florida are smooth and slick. It might be possible for public authorities, owners of buildings and homes to cause such steps and floors not to be slick and smooth by the application of tar or other material, or the sprinkling of sand or gravel thereon, or permitting sufficient dirt to accumulate to destroy the smoothness, but no such obligation or liability is placed upon those having charge of such building.”
In the case of Karen Gardens, Inc., v. Walen, Fla.1954, 71 So.2d 732, the Supreme Court refused to disturb a judgment for the plaintiff in a personal injury action. The negligence alleged was that the defendant, who was the owner of the apartment building involved, had the responsibility and duty of maintaining the safe condition of a certain breezeway and that the defendant allowed the floor, “which was constructed with terrazzo to become slick and slippery and therefore in an unsafe condition, after knowledge by the defendant of said condition, and so negligently failed to warn the plaintiff * * It was held that the complaint stated a cause of action and that the question of adequate proof was one about which reasonable minds might differ. This case is distinguished from the case at bar in that the negligence proved was an unsafe condition of which the defendant had notice. The fact that the floor of the breezeway was constructed of terrazzo was not determinative. Under the law of the *378 Karen Gardens decision, the material used might just as well have been cement, if the proof had established as true the allegations of the complaint that the defendant knowingly maintained an unsafe and dangerous place.
We return now to the question of whether the plaintiff’s evidence in the instant case was sufficient to establish that terrazzo was an unsafe material for use under the conditions in which it was used by the defendant. The sum and substance of the only testimony offered upon this subject by the builder, who was offered as an expert witness, was that, although finely ground terrazzo was sometimes used for walking services outside of buildings, he did not consider it a proper use. There was no showing that such terrazzo was not safe when measured by the general standard of building construction practice in the area. Cf. Millar v. Tropical Gables Corp., Fla.App.1958, 99 So.2d 589. We conclude that the plaintiff failed to prove a prima facie case of negligence.
It should be noted that it was not established that the wet terrazzo was the proximate cause of the injury. The plaintiff was not only barefooted but his feet were wet from the watered grass when he ran onto the walkway. However, in view of the above holding, it is not necessary to consider the question of whether the plaintiff was guilty as a matter of law of negligence proximately contributing to his own injury or the interesting question of whether he was excused from an exercise of ordinary care for his own safety because he was on his way to aid a distressed child. Also we point out that the plaintiff did not take up the burden of proving that the watering of the grass in that vicinity and at that time was an act of negligence.
Affirmed.
HORTON, J., concurs.
CARROLL, CHAS., C. J., dissents.