JOHNSON, Chief Judge.
This is an appeal from an adverse final judgment based upon a directed verdict entered by the Circuit Court of Leon County (Walker, J.) at the close of plaintiff’s case.
The only point on appeal was whether or not there was sufficient evidence on the matter of Sinclair’s control of Eli P. Roberts, (a local marketer for Sinclair) to create a issue of fact for the jury, thus precluding entry of a directed verdict for the defendant Sinclair.
From the facts as shown, it appears that the appellant here, who was plaintiff below, was injured as a result of a collision between a pickup truck in which the plain *152 tiff was riding and an oil delivery truck, alleged to be a “Sinclair Oil delivery truck”. The complaint alleges that the truck was owned by Eli P. Roberts d/b/a Eli Roberts Sinclair Marketer, but was being used in a joint venture with Sinclair Refining Company. By later amendment to the complaint, the plaintiff alleged a partnership and joint venture between Eli P. Roberts and Sinclair Refining Co. and in the alternative that Eli P. Roberts d/b/a Eli Roberts Sinclair Marketer, was acting as agent, servant, factor or employee of .Sinclair Refining Company.
The facts developed that Eli P. Roberts, with consent of the court, settled with the plaintiff, without prejudice to plaintiff proceeding against Sinclair. Order to this effect was entered and the cause proceeded to trial against Sinclair only. This appeal involves Sinclair only, also. Also it was shown by the evidence that Eli P. Roberts did market Sinclair products, had Sinclair’s color and name on the trucks, but admittedly, the trucks were owned by Mr. Roberts. The type of truck, the size of truck and the routes and schedules were completely under the control of Mr. Roberts. Mr. Roberts employed the drivers of said trucks, retained control of their wages, times of work and the right to fire and generally control. Sinclair had no voice in this phase of the operation.
At the close of plaintiff’s case, the trial judge granted the defendant’s motion for a directed verdict as to its liability, hence this appeal.
We have carefully reviewed the testimony, records and briefs, and given due consideration to the able arguments of respective counsel, and have concluded that the law as laid down in Gulf Refining Co. v. Wilkinson, 94 Fla. 664, 114 So. 503 and Cawthon v. Phillips Petroleum Company, Fla.App., 124 So.2d 517, should control our decision in this case. The facts in said cases are fairly similar to the facts in this case and we agree with the trial court that no liability on the part of Sinclair was shown to exist. We therefore affirm the judgment appealed from.
CARROLL, DONALD K., and RAWLS, JJ., concur.