SMITH, Judge.
Each appellant raises the pivotal question of whether it or they can be held liable for the parking lot shooting of an unruly bar patron of appellant Jax by an armed and uniformed guard, the employee of a security service operated by appellants Clark and Moore.
The firing of the pistol, viewed as an isolated event, was entirely unnecessary to any legitimate purpose of appellants and of the guard’s employment. However, both Jax and the security service operated by Clark and Moore were served by the guard’s armed presence in the bar. The confrontation began when the guard intervened, as he was expected to do, to prevent the patron from removing one of Jax’s drinking glasses from the bar. The altercation grew from that event with unbroken continuity. The wound was inflicted while both parties were still on Jax’s property. We conclude that the guard had not departed the scope of his employment when he shot the patron. Compare Columbia By the Sea, Inc. v. Petty, 157 So.2d 190 (Fla.App. 2nd, 1963); Sixty-Six, Inc. v. Finley, 224 So.2d 381 (Fla.App. 3rd, 1969). Contrast Reina v. Metropolitan Dade County, 285 So.2d 648 (Fla.App. 3rd, 1973), cert. disch. 304 So.2d 101 (Fla.1974).
There being evidence that Jax had and exercised a right of control concerning the manner in which the guard performed his duties, the jury could properly have found that the guard and appellants Clark and Moore were not independent contractors for whose tort Jax would be immune. See Farmers & Merchants Bank v. Vocelle, 106 So.2d 92 (Fla.App. 1st, 1958). The same finding forecloses the crossclaim of Jax *248 for indemnity against the guard service. Winn-Dixie Stores, Inc. v. Fellows, 153 So.2d 45 (Fla.App. 1st, 1963).
Each of appellants’ points has been reviewed and found unavailing. See Parker v. Maule Ind., Inc., 321 So.2d 106 (Fla.App. 1st, 1975).
Affirmed,
BOYER, C. J., and RAWLS, J., concur.