347 So.2d 1100 (1977)
Joseph A. ROSIER and Janice C. Rosier, His Wife, Appellants,
v.
GAINSVILLE INNS ASSOCIATES, LTD., d/b/a Holiday Inn of Gainesville and State Farm Fire & Casualty Company, a Foreign Corporation, Respondents.
No. DD-199.
District Court of Appeal of Florida, First District.
July 20, 1977.
*1101 Dennis J. Hightower, Whitaker & Koepke, Orlando, for appellants.
W.C. O'Neal, Chandler, O'Neal, Gray & Lang, Gainesville, for respondents.
ERVIN, Judge.
The Rosiers, plaintiffs in this personal injury action, seek review of a final judgment directing verdict for appellees. We reverse.
The Rosiers attended the University of Florida homecoming weekend in 1974. They were guests at the Gainesville Holiday Inn where they had two rooms, one for their children and one for them. Before retiring for the night, the Rosiers secured their children's room, locked their outside door but did not secure the chain latch. At about 1:30 a.m., they awoke to find a ski-masked burglar in the room at the foot of their bed. Mr. Rosier jumped from the bed and tackled the intruder. A struggle ensued, Mr. Rosier was stabbed twice, though not seriously, and Mrs. Rosier received a shattered right finger before the intruder escaped through the open outside door. While Mrs. Rosier was closing the door, she saw a key on a long leather strap on the floor. Mr. Rosier also saw the key strap. To her horror, Mrs. Rosier then saw the intruder return and as she pushed on the door to keep him out, the intruder snatched the key from the floor and again fled.
This negligence action was then brought. The complaint alleged a breach of duty by the motel in that: (1) A passkey was available to the assailant. (2) The locks provided for the room were inadequate. (3) No security guard was provided.
During the presentation of their case, both Mr. and Mrs. Rosier identified the key strap used by the intruder as identical to keys worn by the motel maids around their necks. A security expert testified on behalf of the Rosiers that the type lock used in the exterior door was the lowest grade, a normal residential lock. He testified the industrywide standard in 1974 was a mortise lock, which when locked from the inside, secured the door with a dead bolt, and could not be opened by a maid's passkey or a duplicate room key. Mortise locks were used in the newer units of the Gainesville Holiday Inn. The motel manager testified passkeys were distributed at the beginning of each day and returned at the end of the day and deposited in a safe overnight. At the time of this incident, no passkeys were missing.
Following the presentation of Rosiers' case, the trial court directed a verdict for appellees. We need only consider one specific allegation of negligence on the part of the Gainesville Holiday Inn to find that a prima facie case has been made.
*1102 The court stated the failure by the Gainesville Holiday Inn to use adequate locks could not reasonably be considered the cause of the Rosiers' injuries. He found that since the Rosiers failed to secure the chain latch to the outside door, one could not reasonably assume the Rosiers would have used the dead bolt latch had the mortise lock been available. Such a conclusion could only be reached by the jury.[1] It is clear that upon a motion for directed verdict, all reasonable inferences are construed in favor of the nonmoving party. Rodi v. Florida Greyhound Lines, 62 So.2d 355 (Fla. 1952). Reasonable inferences could be drawn from the above facts to satisfy the "but for" test of causation set forth in Florida Standard Jury Instruction 5.1(a).
There is of course the question of foreseeability. Could the motel reasonably foresee that the failure to use adequate locks would lead to the sort of injury sustained here? Here there was some evidence of illegal entries into unoccupied motel rooms. Indeed, the motel manager was questioned concerning a police incident report stating that persons unknown entered a nearby room of the motel, probably with the aid of a passkey. That report was made some five months before this incident. It is clear that the motel licensee had knowledge of prior burglaries of guests' rooms carried out in a manner similar to that shown by plaintiffs. A registered guest in a hotel or motel is a business invitee to whom the innkeeper owes a duty of reasonable care for his safety. Americana of Bal Harbour Inc. v. Kiester, 245 So.2d 121 (Fla.3rd DCA 1971).
The Rosiers additionally allege as error the trial judge's refusal to admit into evidence a deposition of a former motel guest whose room was broken into. The deposee apparently testified the motel manager at that time admitted such entries were weekly occurrences. This court is however unable to say the trial judge erred as a matter of law since the deposition is not a part of the record on appeal. Since the Rosiers, as appellants, have the duty to oversee the preparation of the record, Fla. App.Rule 3.6(b), such a failure can only lead to a presumption of correctness on appeal. Appellants' remaining points are without merit.
Reversed and remanded for further proceedings not inconsistent herewith.
MILLS, J., concurs.
BOYER, Acting C.J., dissents.
BOYER, Acting Chief Judge.
I respectfully dissent. In my view the learned trial judge did not err. I would affirm.
NOTES
[1] While the question of proximate cause in a negligence action is one for the court where there is an active and efficient intervening cause, Nance v. James Archer Smith Hospital, Inc., 329 So.2d 377 (Fla.3rd DCA 1976), still if such intervening cause is either foreseeable or might reasonably have been foreseen by the defendant, his negligence may be considered the proximate cause of the injury notwithstanding the intervening cause. 23 Fla.Jur. Negligence § 39 (1959).