364 So.2d 835 (1978)
Sergio FERNANDEZ and Doris Fernandez, d/b/a Fernandez Gulf Service, and Gulf Oil Corp., a Foreign Corporation, Appellants,
v.
Juan VALLE and Juana Valle, His Wife, Appellees.
Nos. 77-2469, 77-2611.
District Court of Appeal of Florida, Third District.
November 28, 1978.
*836 Adams & Ward and Robert C. Ward, Taylor, Brion, Buker & Greene and Arnaldo Velez, Miami, for appellants.
Feldman, Abramson, Smith & Magidson and Jose Smith, Miami, for appellees.
Before BARKDULL and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
BARKDULL, Judge.
The appellants, Sergio Fernandez, Doris Fernandez [a/k/a Carmen Fernandez], and Gulf Oil Company, defendants in the trial court, appeal from a final judgment entered in favor of the appellees pursuant to a jury verdict in a negligence action.
This appeal challenges the trial court's denial of a motion to direct a verdict in favor of the appellants. Juan Valle drove his automobile into a Gulf station operated by Sergio Fernandez. Although it was early in the morning, cars were already lining up for gas [this was during the height of the "energy crisis"]. Fernandez' eleven-year-old son was assisting his father pumping gas. The boy was not a paid employee, but just rendered assistance upon occasion. While attempting to fill Valle's car with gas, he accidentally squirted gas from the nozzle into Valle's eyes. As a result of this accident, Valle sustained damage to his eyes.
Valle and his wife brought suit against Fernandez and his wife and against Gulf Oil for the injuries he sustained as a result of the careless action by the boy. In his claim against Gulf, Valle alleged that the *837 defendants-Fernandez operated the service station in conjunction with Gulf and that Gulf exercised near complete control over the operations of the premises and the details of the work. Gulf denied that there was any master/servant or principal/agent relationship existing between it and Sergio Fernandez.[1]
At the end of all the evidence, the appellants moved for a directed verdict. The motions were denied. The jury returned a verdict in favor of the appellees in the form of a special verdict interrogatory, in which the jury found the defendants [Fernandez] to be guilty of negligence and that Sergio Fernandez was an agent, servant or employee of Gulf Oil at the time of the accident. The appellants again moved for a directed verdict or, in the alternative, a new trial, both of which were denied by the trial court and judgment was entered in favor of the appellees. This appeal followed.
Appellant, Gulf Oil, contends: (1) that the trial court erred in failing to grant the motion for directed verdict or new trial, since the undisputed evidence established that Sergio Fernandez was an independent contractor under applicable law and not an agent, servant or employee of Gulf and, under the undisputed facts of this case, a directed verdict should have been granted pursuant to Gulf Refining v. Wilkinson, 94 Fla. 664, 114 So. 503 (1927); Cawthon v. Phillips Petroleum Co., 124 So.2d 517 (Fla. 2d DCA 1960); (2) that the trial court erred in allowing the mortality tables into evidence in support of the appellee's damages and in giving instruction on damages for permanent injury, when there was no testimony relating to the injuries sustained by the appellee being permanent.
The appellants, Fernandez, contend that in addition to the second point raised by Gulf Oil the trial court erred in entering a judgment in behalf of the appellees against the appellant, Carmen Fernandez, when there is nothing in the record to show she had control or an interest of any kind in the service station in question.
As to Gulf Oil Corporation's first point, we find its authorities not to be controlling because, among other things, the oil companies therein did not own the equipment or station in question; did not receive a rental thereon based upon a percentage of the sales; did not have any control with respect to operation of the station or equipment; did not make regular inspections of the premises and equipment, and did not control the hours when the station was open or the equipment used. Accordingly, it was proper to submit the instant cause to the jury on the issue of control by the oil company. Smith v. Quinn, 291 So.2d 264 (Fla. 4th DCA 1974); Sapp v. City of Tallahassee, 348 So.2d 363 (Fla. 1st DCA 1977); Frazier v. Continental Oil Company, 568 F.2d 378 (5th Cir.1978). As to the second point raised by Gulf Oil and also raised by the appellants Fernandez, we find that the record in this case reveals sufficient medical and lay evidence to warrant introduction of mortality tables. Gallub v. Del Vecchio, 301 So.2d 785 (Fla. 3d DCA 1974).
*838 As to the point by the appellants Fernandez regarding entry of a judgment against Carmen Fernandez, we find that point to be without merit. Appellant, Carmen Fernandez, admitted in her answer the allegation contained in the appellee-plaintiff's complaint that she jointly operated the station in question as a partnership or joint venture with her husband. She is bound by that admission and the appellees were not required to offer proof at trial. Carvell v. Kinsey, 87 So.2d 577 (Fla. 1956); Hart Properties, Inc. v. Slack, 159 So.2d 236 (Fla. 1964).
Therefore, for the reasons above stated, the final judgment here under review be and the same is hereby affirmed.
Affirmed.
NOTES
[1] The lease and the contract of sale of petroleum products, executed concurrently by the parties herein, provides that:

1. Gulf Oil owned the land, the building, and all the equipment involved in the handling of gasoline and the fixtures used for servicing automobiles.
2. Gulf Oil owned the gasoline stored in its tanks on the subject property, said ownership only passing to the lessee upon passing through the pumps.
3. The lessee could make no alterations or additions to the premises or equipment except with the consent of Gulf Oil.
4. There shall be minimum hours of operation.
5. The lessee was to purchase his gasoline from Gulf oil.
6. A Gulf Oil salesman would regularly check the volume of gas on hand and the overall running of the station.
7. There was a minimum gasoline requirement.
8. Gulf Oil could deliver gasoline when and in the amounts it sees fit.
9. The rental was based, in part, on the amount of gasoline sold.
10. If Gulf Oil has or should establish a minimum retail price under the terms of any Fair Trade Law, the lessee cannot sell gasoline for a price below said minimum.