392 So.2d 357 (1981)
Shawn SYDENHAM, Appellant,
v.
Luis Adna SANTIAGO and Gulf Oil Company, Appellees.
No. 80-216.
District Court of Appeal of Florida, Fourth District.
January 14, 1981.
Stuart L. Stein of Stein & Grief, Fort Lauderdale, for appellant.
Steven R. Berger of Carey, Dwyer, Cole, Selwood & Bernard, P.A., Miami, for appellees.
MOORE, Judge.
The plaintiff in a negligence action appeals from a final summary judgment entered in favor of the defendant, Gulf Oil Company.
The plaintiff was injured when he was unloading a truck tire which exploded. The explosion allegedly was caused by the negligent manner in which the tire had been repaired at a Gulf service station just prior to the accident.
The service station was operated by Santiago who purchased gasoline and oil products from Gulf and leased a "Gulf" sign. Gulf credit cards were accepted at this station. Santiago purchased all of his tires, batteries, and other accessories from local distributors other than Gulf and all of the other equipment in the station, including the gas pumps, were owned by Santiago. Gulf had no control over the operations of the service station aside from the gasoline sales.
The plaintiff's complaint alleged that the Gulf Oil Company was vicariously liable for the negligent acts of the service station employees who performed the repairs on the plaintiff's tire. He alleges that he relied upon Gulf's representations, through national advertising, of competence in the area of service station operations and, coupled with the Gulf corporate logo on the premises, he was led to believe that Santiago had apparent authority to act as Gulf's agent.
The final summary judgment is affirmed on the authority of Cawthon v. Phillips Petroleum Company, 124 So.2d 517 (Fla. 2nd DCA 1960). An oil company does not confer apparent authority, subjecting itself to vicarious liability for negligence, upon a *358 retail service station by allowing the use of its trade name and selling its products to the station. This holding is consistent with our recent decision in Ortega v. General Motors Corporation, 392 So.2d 40 (Fla. 4th DCA 1980) in which we declined to hold General Motors Corporation liable on an apparent authority theory solely because a truck retailer displayed GMC signs and trademarks at its place of business. We are also mindful of the decision in Fernandez v. Valle, 364 So.2d 835 (Fla. 3rd DCA 1978); however, we find it distinguishable. There, the issue was actual control by a principal over an agent. The issue presented to us is simply one of apparent authority of an agent to act on behalf of a principal and is answered by Cawthon.
AFFIRMED.
BERANEK and GLICKSTEIN, JJ., concur.