396 So.2d 752 (1981)
Darcell NELSON, Appellant,
v.
SHELL OIL COMPANY et al., Appellees.
No. 80-460.
District Court of Appeal of Florida, Third District.
March 24, 1981.
Rehearing Denied May 1, 1981.
*753 Horton, Perse & Ginsberg and Arnold R. Ginsberg, Miami, Kwitney, Kroop & Scheinberg, Miami Beach, for appellant.
Preddy, Kutner & Hardy and G. William Bissett, Miami, for appellees.
Before HENDRY, SCWARTZ and FERGUSON, JJ.
SCHWARTZ, Judge.
The plaintiff-appellant was injured by a tortious act of an employee of the OK Shell service station. We affirm the summary judgment entered for the Shell Oil Company on the ground that the operators of OK were, as a matter of law, independent contractors, rather than agents or servants of Shell, and that it was therefore not vicariously liable for the acts of the employee under the respondeat superior doctrine. Miller v. Sinclair Refining Co., 268 F.2d 114 (5th Cir.1959); Gulf Refining Co. v. Wilkinson, 94 Fla. 664, 114 So. 503 (1927); De La Torre v. Chevron U.S.A., Inc., 374 So.2d 1046 (Fla.3d DCA 1979) (per curiam), cert. denied, 385 So.2d 756 (Fla. 1980); McMillion v. Sinclair Refining Co., 236 So.2d 151 (Fla.1st DCA 1970); Drum v. Pure Oil Co., 184 So.2d 196 (Fla.4th DCA 1966); Cawthon v. Phillips Petroleum Co., 124 So.2d 517 (Fla.2d DCA 1960). As the court said in the Cawthon case, 124 So.2d at 519, the primary factor in determining the independent contractor question in a case such as this is "the right of control as to the mode of doing the work contracted for." See generally, Mumby v. Bowden, 25 Fla. 454, 6 So. 453 (1889); Miami Herald Publishing Co. v. Kendall, 88 So.2d 276 (Fla. 1956); Variety Children's Hospital, Inc. v. Perkins, 382 So.2d 331, 335 (Fla.3d DCA 1980). On this key point of the extent of Shell's control over OK's method of operation on a day-to-day basis, the facts are strikingly similar to those in Ortega v. General Motors Corp., 392 So.2d 40, 42-43 (Fla.4th DCA 1980). We approve and adopt Judge Wetherington's excellent discussion of the issue at 392 So.2d 42-43, and follow the Ortega holding that summary judgment for the putative employer was appropriately entered. On the other hand, Fernandez v. Valle, 364 So.2d 835 (Fla.3d DCA 1978), cert. denied, 373 So.2d 457 (Fla. 1979), on which the appellant relies almost exclusively, is not determinative. The degree of control which could be exercised by the oil company over the operations of the station in Fernandez was markedly greater than in the case at bar.
Affirmed.