397 So.2d 328 (1981)
Angel CARDOUNEL and Mercy Cardounel, Appellants,
v.
SHELL OIL COMPANY, Appellee.
No. 80-484.
District Court of Appeal of Florida, Third District.
March 31, 1981.
Rehearing Denied May 15, 1981.
Floyd, Pearson, Stewart, Richman, Greer & Weil and Wm. Bruce Harper, Jr. and Edwin P. Krieger, Jr. and Roberto Martinez, Miami, for appellants.
Preddy, Kutner & Hardy and G. William Bissett, Miami, for appellee.
Before BARKDULL, HENDRY and NESBITT, JJ.
PER CURIAM.
Angel Cardounel pulled into a service station owned by Shell Petroleum Co., leased to Mendez, not to purchase service station products but to secure some water for his overheating vehicle. His automobile blocked access to the pumps; he and Mendez got into an altercation, resulting in Mendez shooting Cardounel.
Cardounel and his wife brought suit, alleging that Shell (as the owner of the station) was the employer or principal of Mendez and that its agents knew that he (Mendez) had a gun on the premises and, therefore, knew or should have known Mendez had violent or dangerous propensities.[1] The trial court entered a summary judgment in favor of the oil company. We affirm.
The trial court was correct on the theory that Mendez was not an agent or *329 employee, but was an independent contractor. Cawthon v. Phillips Petroleum Company, 124 So.2d 517 (Fla. 2d DCA 1960); McMillion v. Sinclair Refining Company, 236 So.2d 151 (Fla. 1st DCA 1970); Sydenham v. Santiago, 392 So.2d 357 (Fla. 4th DCA 1981); Nelson v. Shell Oil Company, 396 So.2d 752 (Fla. 3d DCA 1981); Miller v. Sinclair Refining Company, 268 F.2d 114 (5th Cir.1959). The trial court would also be correct in its ruling even if Mendez, the operator, was an employee or agent.[2] The mere knowledge that Mendez had a gun on the premises[3] would not make the oil company liable, unless it knew of particular facts that would have put it on notice of his dangerous propensities.[4]
Therefore, the summary judgment under review be and the same is hereby affirmed.
Affirmed.
NOTES
[1] The appellants herein rely heavily on the case of Jax Liquors, Inc. v. Hall, 344 So.2d 247 (Fla. 1st DCA 1976). We find that case not to be decisive of the issue herein. In the Jax case, supra, the evidence showed that Jax sought and obtained armed security guards to preserve order and deal with unruly patrons, and that Jax had exercised a right of control concerning the manner in which the guard performed his duties. The instant case contains no evidence of this nature.
[2] We do not here decide the status between the oil company and the operators, because we do not think it is necessary to a determination of this opinion.
[3] The complaint alleged that the station was located in a "high crime area" which, under the current circumstances, may well have justified the operator having a gun on the premises.
[4] The plaintiffs made bare conclusions as to the company knowing or that it should have known of the operator's dangerous propensities, but failed to disclose any facts that would have supported such a conclusion. See and compare: Lombardy v. Stees, 132 Colo. 570, 290 P.2d 1110 (1956); Strawder v. Harrall, 251 So.2d 514 (La. App. 1971); Martin v. Jones, 302 Mich. 355, 4 N.W.2d 686 (1942); Wellman v. Pacer Oil Company, 504 S.W.2d 55 (Mo. 1973).