DAUKSCH, Judge.
This is an appeal from a summary judgment denying indemnity from appellee to appellant. This case arises out of Orlando Executive Park, Inc. v. P.D.R., 402 So.2d 442 (Fla. 5th DCA 1981), aff'd. Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491 (Fla.1983), where both appellant and appellee had a judgment entered against them after a general verdict form found both to be liable to the plaintiff for injuries.
This court’s opinion in Orlando Executive Park at page 449 sets out the basis upon which appellant was found liable. Appellant was the apparent principal of its apparent agent, appellee, and was thus liable to the plaintiff on a vicarious liability theory. The pleadings, instructions, general verdict and judgment at the liability trial do not indicate any active negligence, or fault, on the part of appellant; only that it is liable passively as the apparent principal of appellee. The plaintiff in the liability trial chose her theory of liability against appellant but that does not establish as a matter of fact or law that Howard Johnson Company was free from fault or at fault in regard to the injuries suffered by the plaintiff. Indemnity is not a compulsory cross-claim so neither appellant nor appellee were required to have the matter of respective fault between the two of them litigated at the first trial. This being so, the court was precipitous in entering summary judgment. It must first be decided whether appellant was at fault in causing the injuries to the plaintiff. If so, then appellant cannot receive indemnification from appel-lee. If appellant did not share in the fault, was not actively negligent, but was held liable only because of the apparent agency then appellant is entitled to be indemnified by appellee. See Houdaille Industries, Inc. v. Edwards, 374 So.2d 490 (Fla.1979).
The summary judgment is reversed and this cause remanded for a determination of the issue of fault, vel non, of appellant.
REVERSED and REMANDED.
ORFINGER and COBB, JJ., concur.