COWART, Judge.
Appellee Safeco is a title insurance company whose owner and mortgagee title poli-des are issued by local title insurance agencies including Merit Title Insurance Agency, Inc. Safeco required Merit to maintain an escrow account to be periodically audited by Safeco. Ms. Lieberman, an agent of Merit, knew John Rondinelli, president of appellant real estate development companies (hereinafter, Rondinelli), as a result of Merit issuing Safeco title insurance while handling real estate transactions for those companies. Ms. Lieberman, knowing that Merit’s escrow account was short and due to be audited, approached Mr. Rondinelli for help in obtaining funds for the escrow account. An agreement was made that Rondinelli would convey three condominiums to Ms. Lieberman to use as collateral to borrow money to replenish the Merit-Safeco escrow account. As consideration for the condominiums, Ms. Lieberman agreed to pay Rondi-nelli a sum of money and cause certain secured notes to be assigned to Rondinelli and to cause Ms. Lieberman’s parents to give Rondinelli a collateral note secured by a third mortgage on the Lieberman home. This was done except, unknown to Rondi-nelli, the mortgage given Rondinelli was, in fact, a fourth mortgage on the Lieberman home. Later, the obligors on the assigned notes defaulted and the entity with the third mortgage foreclosed on the Lieberman home.
Appellant Rondinelli filed an action against Ms. Lieberman, her parents, Merit, and Safeco, alleging among other things in Count V of the second amended complaint, that Rondinelli conveyed the three condominiums in reliance upon an agreement by Merit, acting as agent for appellee Safeco, to prepare the Rondinelli-Lieberman note and mortgage and to issue a Safeco mortgagee title policy insuring the Rondinelli-Lieberman mortgage as being a lien superi- or to all except two prior mortgage liens and that Merit failed to issue the Safeco mortgagee title policy as agreed, causing Rondinelli loss for which Safeco, as Merit’s principal, was liable.[1]
*327 Safeco moved for summary judgment focusing on the complaint allegation that Merit, the title insurance agency, was acting as agent for Safeco, in agreeing to issue a mortgagee title policy insuring the Rondinelli-Lieberman mortgage as against the unknown third mortgage lien, the existence and foreclosure of which, caused loss to Rondinelli. Safeco used the deposition of Rondinelli to show that Rondinelli knew that Ms. Lieberman and Merit were endeavoring to raise funds to replenish the Merit-Safeco escrow account. Safeco argued that in agreeing to provide Rondinelli a Safeco policy of mortgagee insurance, Merit could not have been acting within the scope of its authority as Safeco’s agent because the purpose of the Rondinelli-Lie-berman transaction was to raise money to prevent the principal Safeco from discovering the wrongful actions of its agents Merit and Ms. Lieberman.
The trial court apparently accepted this argument because it granted Safeco’s motion for summary judgment adjudicating that the factual circumstances as a matter of law imposed a duty on Rondinelli to inquire of Safeco as to the scope of Merit’s authority to bind Safeco to issue a mortgagee policy on the Rondinelli-Lieberman mortgage and also finding that there was no disputed issue as to the fact that Rondi-nelli failed to make such inquiry. We cannot agree and reverse.
There is no question but that Merit had some type of agency relationship with Safe-co. Whatever may have been the scope of the formal agency contract between Safeco and Merit as to Merit’s authority to bind Safeco to issue mortgagee insurance policies, there remains an issue of fact as to Merit’s apparent authority to do so. See e.g., Russell v. Eckert, 195 So.2d 617 (Fla. 2d DCA 1967); Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491, 494 (Fla.1983), quoting Orlando Executive Park, Inc. v. P.D.R., 402 So.2d 442 (Fla. 5th DCA 1981).
Apparently Safeco does not argue that every prospective customer dealing with Merit had an obligation to inquire of Safeco as to Merit’s apparent authority to bind Safeco, or that in other prior transactions Rondinelli had a duty to query Safeco as to Merit’s agency authority. Safeco seems to argue that because in this instance Rondi-nelli knew that Ms. Lieberman (Merit) needed money to eliminate a shortage in the Merit-Safeco escrow account, Rondinel-li somehow had unclean hands and a bad motive i.e., that Rondinelli’s motive or objective was to “deceive” Safeco by covering shortages prior to Safeco’s impending audit of the Merit-Safeco escrow account and, for that reason, Rondinelli had a special duty in this instance to inquire of Safeco if Merit had agency authority to agree to issue a Safeco mortgagee policy insuring the Rondinelli-Lieberman mortgage.
While Safeco’s viewpoint, attitude and argument are understandable, they are not the basis for a rule of law. Doubtless, Rondinelli and an unbiased trier of the facts may see the facts in this case from another perspective. There is no evidence that Rondinelli in any way participated in, or benefitted from, any wrongful depletion of the Merit-Safeco escrow account or had any duty to attempt to restore funds to that account. To the contrary, Rondinelli may also be viewed in the nature of a white knight or good Samaritan willing to get involved to assist in the restoration or replacement of the Merit-Safeco escrow account, which while, perhaps, incidentally advantageous to Merit and Ms. Lieberman, was to the direct financial benefit of Safe-co. The Rondinelli-Lieberman mortgage and, it is alleged, the Safeco mortgagee policy, were essential parts of that successful endeavor. Issuing mortgagee policies was the normal aspect of Safeco’s business handled by its agent Merit. There was no inherent conflict of interest between Merit’s and Ms. Lieberman’s personal interest in having its Merit-Safeco escrow account restored (an objective and result of the *328 overall Rondinelli-Lieberman transaction) and Merit issuing a proper Safeco mortgagee policy on the Rondinelli-Lieberman mortgage. There are no facts that suggest that Rondinelli had actual knowledge of the existing third mortgage on the Lieberman home or that Rondinelli expected Merit to improperly issue a Safeco policy wrongfully insuring the Lieberman-Rondinelli mortgage against superior mortgage liens. Rondinelli had previously had numerous business dealings with Merit acting as agent for Safeco. Whatever may have been Merit’s contractual, legal, or ethical duty to disclose to Safeco the shortage in the Merit-Safeco escrow account (and to remedy that condition), or to seek special agency permission to issue the Rondinelli-Lieberman mortgage, the circumstances in this instance do not, as a matter of law, put a special duty on Rondinelli to inquire of Safeco as to the authority of Merit to agree to issue a Safeco policy insuring the Rondi-nelli-Lieberman mortgage. The difference in views as to the propriety of the acts of all parties in this case is the stuff that regularly influences decisions by the triers of fact in legal controversies and is not a proper basis for rules of law or rulings of law on motions for summary judgment. One contested issue of fact for trial in this cause is the scope of the real or apparent authority of Merit to bind Safeco to issue a mortgagee policy to Rondinelli. The summary judgment is reversed and the cause remanded for further proceedings.
REVERSED and REMANDED.
DANIEL, J., concurs.
COBB, J., dissents with opinion.

. The complaint alleges that the Lieberman-Rondinelli mortgagee title policy was to be for $100,000. Of course, title insurance insures ti-tie, not payment of obligations or the adequacy of collateral, so in this type of situation, the insured loss would be the lesser of either (1) the *327 face amount of the title insurance, or (2) the difference between the market value of the Lieberman home less the sums due under the two known prior mortgages, or (3) the sums due under the third mortgage that was, unknown to Rondinelli, superior to the Lieberman-Rondi-nelli mortgage.