PATTERSON, Judge.
William L. Black (Black), defendant below, appeals a final judgment for $6,650.25 in favor of Marine Engineering Specialists (Marine), plaintiff below, in an action on an unpaid invoice. Black argues that the trial court erred in failing to grant his motion for a directed verdict based on Marine’s failure to prove its theory of apparent agency. We agree and reverse.
This dispute arose from the sale of a thirty-two foot Senator pleasure yacht by Southeastern International Yachts (Southeastern). In August of 1987, Black saw an advertisement for the yacht. The advertisement stated that the yacht was being sold with an air-conditioner. As a condition of the sale, Black required that a generator be installed. Black and codefendant Ben Fowke of Southeastern entered into a contract for the sale and purchase of the yacht, and the closing took place on October 1, 1987.
On or about September 30, 1987, Marine entered into a contract with Southeastern for the installation of the air-conditioning unit and a generator. Southeastern did not pay Marine for the services rendered pursuant to the invoice. Marine filed a complaint based upon the invoice of $6,650.25. Marine’s theory was that Ben Fowke was acting as Black’s agent.
The case was tried before a jury on January 23, 1990, and Jack Schumpert, the owner of Marine, testified to the following. Mr. Schumpert never asked who the owner of the yacht was because he fully expected Southeastern to pay the bills and he never expected to receive a check from the owner. Schumpert never talked to Black and never tried to send him notice that Marine was performing services at the time Marine installed the air-conditioning and generator. Fowke never told Schumpert that he was an agent for Black. In fact, Schumpert never heard of Black until eight or nine months after Marine installed the equipment. Schumpert also testified that the invoice was made out to Southeastern and that the invoice shows that Ben Fowke of Southeastern authorized the work. Schum-pert was under the impression that he was doing the installation for Ben Fowke.
*284 Schumpert tried to work with Ben Fowke on payment until Fowke’s company, Southeastern, went “belly-up” in February. At that point, he tried to find the person who was using the equipment to pay the bill. Schumpert testified that when he performed the services, he was not working for Black.
Codefendant Ben Fowke testified that he knew the bill was outstanding at the time of closing, but did not tell Black that he owed the money to Marine. Fowke testified that the air-conditioner and generator were part of the purchase price. Fowke was not the captain of the yacht nor the owner’s representative. Fowke testified that he or Southeastern owed the bill to Marine.
Black testified that at the time he entered into the contract to purchase the yacht he did not know Schumpert and had never heard of his company, Marine. Black stated that he did not discuss the air-conditioning with Fowke because he assumed it was in the yacht and that he did not instruct Fowke as to any particular type of generator to install in the yacht or any particular dealer to use. Black never received any notice that someone was providing services to the vessel.
At the close of Marine’s case in chief, Black moved for a directed verdict, upon which the trial court reserved ruling. The trial court again reserved ruling on the motion upon the completion of all the evidence.
The trial court granted a directed verdict as to count I against Ben Fowke, because there was no factual basis to show his individual liability under a theory of exceeding the scope of his agency. The trial court allowed count II, against Black, to go to the jury.
The jury returned a verdict against Black for $12,867.00. Black filed a motion for judgment notwithstanding the verdict and a motion for new trial, which the trial court denied. The trial court treated the motion for new trial as a motion to reduce judgment and stated in the final judgment:
Because MARINE brought suit for a specific amount under a contract and agency theory and because no evidence was presented to support a verdict in excess of the amount demanded, the Court reduces the total verdict to $6,650.25.
This timely appeal followed.
The parties had stipulated that no evidence supported a theory of express agency; thus, it was incumbent upon Marine to prove the elements of an apparent agency. To establish an apparent agency, a plaintiff must prove: “ ‘(1) a representation by the principal; (2) reliance on that representation by a third person; and (3) a change of position by the third person in reliance upon such representation to his detriment.’ ” Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491, 494 (Fla.1983) (citation omitted). Marine failed to prove that Black took any action or made any representation to lead Jack Schumpert of Marine to believe that Ben Fowke was his agent. Apparent agency “rests on appearances created by the principal and not by agents who often ingeniously create an appearance of authority by their own acts.” Taco Bell of Calif. v. Zappone, 324 So.2d 121, 124 (Fla. 2d DCA 1975). Because Marine did not establish this first element, a representation made by the principal, it is obvious that Marine also did not prove the second and third elements — Marine’s reliance on the principal’s representation and Marine’s detriment caused by the reliance. Schumpert testified that he was looking to Fowke for payment, but when Southeastern went out of business, he began to look for “alternative means” for payment.
Considering the evidence in the light most favorable to Marine, we conclude that the trial judge should have granted Black’s motion for directed verdict. Accordingly, we reverse the judgment in favor of Marine and remand with instructions for the trial court to enter judgment in favor of Black.
Reversed and remanded.
DANAHY, A.C.J., and FRANK, J., concur.