601 So.2d 1306 (1992)
Jeremy BRANSFORD, Appellant,
v.
Alan BERMAN and Mobil Oil Corporation, Appellees.
No. 91-2147.
District Court of Appeal of Florida, Fourth District.
July 8, 1992.
*1307 Mark R. McCollem of Chidnese & McCollem, Fort Lauderdale, for appellant.
Roger S. Kobert of Mark A. Cohen & Associates, P.A., Miami, for appellees.
LETTS, Judge.
An employee of a gas station emerged from his enclosed booth and started a fist fight with a customer. The gas station was owned by Mobil Oil Corporation and was leased to a franchisee who operated it. The operator, in turn, employed the attendant who started the fight. The customer filed suit against both the operator and Mobil Oil Corporation but the trial judge granted summary judgment in their favor. We reverse.
As to the station operator, the complaint alleged that the operator was negligent in failing, "to discharge [the] employee when [he] assaulted patrons." We find this, together with other facts gleaned from the record, sufficient to allege a negligent retention claim. There is evidence in the record that the station operator had knowledge of prior violent behavior by the employee inflicted upon another customer of the station. This being so, there is a material issue of fact as to whether the operator "knew or should have known that the employee was a threat to others," Tallahassee Furniture Co., Inc. v. Harrison, 583 So.2d 744, 750 (Fla. 1st DCA 1991), rev. denied, 595 So.2d 558 (Fla. 1992), and therefore summary judgment on the negligent retention claim was improper.
As to Mobil Oil Corporation, we likewise believe the grant of the summary judgment was error. Under the facts in the record at the summary judgment hearing, it is clear that Mobil might be liable under the theory of apparent agency for failing to provide adequate security and/or failing to remedy a foreseeable danger. See Holiday Inns, Inc. v. Shelburne, 576 So.2d 322 (Fla. 4th DCA), dismissed, 589 So.2d 291 (Fla. 1991). Mobil owned the station and prominently displayed its logo there in order to induce customers to patronize the premises. We are not unaware of an earlier case out of this court, Sydenham v. Santiago, 392 So.2d 357 (Fla. 4th DCA 1981), limited by Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491 (Fla. 1983), which might lead to a contrary result. However, in Sydenham, the oil company did not own the station and had no control over it, aside from gasoline sales.
REVERSED AND REMANDED.
WARNER, J., concurs.
STONE, J., concurs in part and dissents in part with opinion.
STONE, Judge, concurring in part and dissenting in part.
I concur in reversing as to the defendant Berman. However, as to Mobil Oil, I would affirm on the authority of Sydenham v. Santiago, 392 So.2d 357 (Fla. 4th DCA 1981). See also Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491 (Fla. 1983) and Cardounel v. Shell Oil Co., 397 So.2d 328 (Fla. 3d DCA), dismissed by 407 So.2d 1102 (Fla. 1981). In my judgment Holiday Inns, Inc. v. Shelburne does not extend liability to the extent that it may be imposed, through an agency concept, simply because a well-known company contracts with a truly independent contractor for use of its signs, logo, uniforms, products, or method of operating.