PER CURIAM.
We reverse the final judgment and find error in the trial court’s denial of the County’s directed verdict motion. The plaintiffs, who sought to establish an agency relationship between the active tortfea-sor and the County, bore the burden of proof on that issue. See Pinon v. International Harvester Co., 390 So.2d 154 (Fla. 3d DCA 1980). Plaintiffs presented evidence that the County provided OTAC’s operating funds and oversaw OTAC’s expenditures. However, that was the extent of the County’s contact with OTAC. “The existence of a true agency relationship depends on the degree of control exercised by the principal.” Dorse v. Armstrong World Indus., Inc., 513 So.2d 1265, n. 4 (Fla. 1987). In this case, the County had no control or input into any of OTAC’s operations or actions, and did not control the outcome of OTAC’s activities nor the means used to achieve OTAC’s goals. Although the existence of an agency relationship is usually a question for the trier of fact, see Goldschmidt v. Holman, 571 So.2d 422, 424 (Fla. 1990), citing Orlando Executive Park, Inc. v. Robbins, 433 So.2d 491, 494 (Fla. 1983); see also Ortega v. General Motors Corp., 392 So.2d 40, 43 (Fla. 4th DCA 1980), the evidence presented was not sufficient to create a jury question. Thus, the County’s motion was well-taken as plaintiffs failed to present evidence that the County controlled OTAC “in the way that a principal controls an agent.” Chase Manhattan Mortgage Corp. v. Scott, Royce, Harris, Bryan, Barra & Jorgensen, P.A., 694 So.2d 827, 832 (Fla. 4th DCA 1997); see Nelson v. Shell Oil Co., 396 So.2d 752 (Fla. 3d DCA), review denied, 407 So.2d 1104 (Fla. 1981).
This disposition makes it unnecessary to reach the remaining point raised on appeal.
Reversed and remanded.